## HOOD et al. v. UNITED STATES.
### No. 13131.

Circuit Court of Appeals, Eighth Circuit.

Jan. 3, 1946.

432

Harry R. Moore and Grover T. Hood, for appellants.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., for appellee.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order denying motion to vacate and set aside sentences and judgments against appellants which sentenced them to twenty-five years imprisonment. The motion is based upon substantially the following grounds: (1) That the robbery charged in the indictment was in reality a store robbery and not a mail robbery, and that personal funds were taken and not government property nor mail matter, and that the penalty for such offense is not more than three years; (2) that the sentences are excessive and that the most that could properly have been imposed was a three year sentence; (3) that they were deprived of their constitutional right of jury trial; (4) that they did not have competent counsel to represent them; (5) that the confession used against them, obtained from one appellant, was improperly used against the other appellant.

The indictment, to the second count of which defendants pleaded guilty, was filed May 13, 1943, and charged them with felonious assault upon the custodian of mail matter, moneys, funds and other properties of the United States belonging to the Post Office Department, with the intent to rob the custodian of said property and mail matter, and that in effecting or attempting to effect such robbery they put in jeopardy the life of the custodian by the use of dangerous weapons. On July 6, 1943, they pleaded guilty to Count 2. Sentence was deferred until August 2, 1943, when each was sentenced to imprisonment for a period of twenty-five years. No appeal was taken from the sentences as entered, nor was any further action taken in the trial court relative thereto until April 30, 1945, on which date appellants filed their joint motion to vacate the judgments and sentences. With their motion they filed a supporting brief, and the motion was placed on the motion docket for hearing, and in regular course came on for hearing May 8, 1945. The government on May 5, 1945, filed its response to the motion to vacate in which it set up substantially the following grounds for opposing the motion: (1) That the court in entering the judgments had jurisdiction and that the term at which the judgments had been entered had long expired and the court was therefore without jurisdiction to set aside its judgments; (2) that having entered pleas of guilty to the second count of the indictment, the court properly entered a sentence of twenty-five years under the mandatory terms of the statute; (3) that having entered pleas of guilty, the allegations of the indictment were admitted by defendants and precluded them now from denying or disputing the same; (4) that having entered a plea of guilty each defendant waived his right of trial by jury; (5) that the court appointed competent counsel for each of the defendants; (6) that the defendants having the advice and benefit of competent counsel entered their pleas of guilty; (7) that they had heretofore unsuccessfully attacked the judgments they now seek to have vacated, by filing applications for writs of habeas corpus in the United States District Court for the District of Kansas in January, 1944, alleging that Moore had entered a plea of guilty under misapprehension that he would be permitted to enter the army, and that he had attempted to withdraw his plea of guilty, which had been denied; that on the hearing of their petitions, during which they were brought into court to testify in their own behalf, the court denied the applications for writs of habeas corpus, and that all the points raised in the present motion to vacate were raised and presented by them in said applications for writs of habeas corpus.

On their appeal to this court, appellants urge substantially the same questions urged in the trial court. No question is raised as to the regularity of the proceeding in the trial court resulting in the order denying motion for vacation of the judgments. In considering the questions sought to be presented, we are disposed to eliminate from consideration all facts except those disclosed by the primary record and those facts of which the court might take judicial notice.

The indictment was drawn under Section 197 of the Criminal Code, 18 U.S.C.A. § 320, which provides:

"Whoever shall assault any person having lawful charge, control, or custody of any mail matter * * * or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or any part thereof, or shall rob any such person of such mail matter, or of any money, or other property of the United States, or any part thereof, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he shall wound the person having custody of such mail, money, or other property of the United States, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

As has been observed the indictment as originally filed was in two counts but the first count was withdrawn, leaving the second count, which charged that the defendants "did knowingly, wilfully, unlawfully and feloniously assault one Ben Hinson * * * being then and there a person having lawful charge, control and custody of mail matter, and of monies, funds, and other property of the United States * * * with the felonious intent and purpose * * * to rob, steal and purloin such mail matter, monies, funds and other property of the United States * * *; that the said defendants, and each of them, in then and there effecting and attempting to effect said robbery, and with the felonious intent and purpose on the part of said defendants, and each of them, then and there to rob, steal and purloin said mail matter, monies, funds and other property of the United States, and to take and carry the same away from the possession of him, the said Ben Hinson, having lawful charge, control and custody of said mail matter, monies, funds and other property of the United States, in his official capacity as Postmaster aforesaid, did then and there put the life of him, the said Ben Hinson, in jeopardy by the use of dangerous weapons, to-wit, a sawed-off shotgun * * * and a .32 calibre revolver * * *."

█ The statute describes two offenses. As originally drawn, the first count in the indictment charged an assault with the intent to rob the Postmaster, while the second count charged that in effecting and attempting to effect the robbery they put in jeopardy the life of the custodian by the use of dangerous weapons. It is clear that the second count required proof of facts which the offense charged in the first count did not require; to-wit, that in effecting the robbery the life of the custodian was put in jeopardy by the use of dangerous weapons. The statute fixes the penalty for this offense at imprisonment for twenty-five years. The indictment is in conventional form and stated a public offense. Blackwood v. United States, 8 Cir., 138 F.2d 461; Bugg v. United States, 8 Cir., 140 F.2d 848. Whether or not defendants might have been indicted for some other offense or under some other statute is not material. The sentence as imposed was not excessive.

██ As to the claim that defendants were deprived of their constitutional right of jury trial, it need only be observed that having pleaded guilty, they waived that right. On their plea of guilty there was, of course, no issue to submit to a jury. By such pleas they admitted the allegations of fact charged in the indictment, and if the pleas of guilty were properly entered, they can not now be heard to contend that no mail matter was involved.

██ It is therefore necessary to consider whether their pleas of guilty were voluntary, freely and intelligently entered, and this in turn would seem to depend somewhat upon the allegation that they were not represented by competent counsel. On this issue we shall consider the matters of which the trial court might take judicial notice. It could, of course, take judicial notice of its own records in the original case, including the docket entries. From these entries it appears that on July 6, 1943, while the original indictment was pending and before defendants had entered their pleas, the following occurred:

"Mr. Joseph Walsh: Your Honor, you will recall that you appointed me to defend the defendant Hood. I understand that James P. Finnegan is here this morning on Mr. Hood's behalf and that is why I ask leave to withdraw."

Thereupon the following proceedings were had:

"Government Attorney: Herbert H. Freer, Assistant United States Attorney.

"Attorney for defendant Hood: James P. Finnegan, St. Louis, Mo.

"Attorney for Defendant Moore: Hugh Sullivan, St. Louis, Mo.

"(Continuance for one week requested, but in view of the fact that a jury has been called and witnesses subpoenaed., the Court refused the request.)

"The Court: It is essential that the defendant be present at all stages of the proceedings. Since they were not, Mr. Freer, when you made your statement a few minutes ago, I expect it better be repeated. First, we better take their plea. The defendants better be brought over here. We don't need them over there. Which one of these men is Moore?

"Sullivan: This is Moore. If the Court please, I am entering a plea of guilty for defendant Moore.

"The Court: That is you desire, after—

"Freer: In connection with the entry of that plea, I think, if Your Honor, please, I ought to call the attention of the defendant to the indictment here, which is drawn in two counts, charging the robbery of the Postmaster at Morris Mill, Missouri, on or about April 2nd, 1943. The indictment, as I say, is in two counts, the second count of which charges the defendant with placing the life of the Postmaster in jeopardy by the use of dangerous weapons, namely a sawed-off shotgun and a revolver. To simplify the record, Count One of the indictment may be stricken as to the defendant Moore. The punishment under the second count is twenty-five years.

\* \* \* \* \*

"The Court: Mr. Moore, did you understand what the mandatory punishment was before you decided to enter your plea?

"Moore: Well, I had several people tell me.

"The Court: That the punishment was twenty-five years and that was the only punishment that could be assessed on the second count. Did you understand that?

"Moore: Yes, sir.

"The Court: And in view of that you decided to enter your plea of guilty, is that right?

"Moore: Yes sir.

\* \* \* \* \*

"The Court: Now as to the defendant Hood.

"Finnegan: Your Honor, I asked the Court for a continuance for a short period, day or possibly two days, for the purpose of talking to Dr. Sassen, who examined Hood, with the idea that possibly another psychiatrist would look at him. Then I would feel satisfied, about talking to all the people about this man's mental condition. Mr. Freer has received a copy of Dr. Sassen's report and in that event though he doesn't say that he has a psychosis he does suffer from a psychopathic personality.

"Freer: We all have that.

"Finnegan: I suppose so, for that matter. He is twenty-five years of age. Shows by his past actions that there is something mentally deficient. His family, people who know him well, take that stand. That is the only reason I would ask the Court to grant a short period. I have only been in the case a week.

"The Court: I do not think deferment of the trial, which has been set for some time, is justified on that ground. Plea has heretofore been entered.

"Finnegan: I have talked to defendant Hood and informed him that the Court felt adverse to any efforts to enter a plea of nolo contendere.

"The Court: I do not believe, in view of what you have told me, about the previous offenses and the type of the charge, that it could be properly received. I believe it should be a plea of guilty or not guilty.

"Finnegan: The defendant then will change his plea to a plea of guilty.

"The Court: Is that your wish, Mr. Hood?

"Hood: Yes, sir.

"The Court: Let the record show, then, that the plea of not guilty is withdrawn and should the record show that waiver of formal arraignment at this time and a plea of guilty?

"Finnegan: That will be all right.

"The Court: That is the appropriate record.

\* \* \* \* \*

"The Court: What other facts?

"Freer: I also mailed each of the defendants a copy of the indictment heretofore and furnished counsel with copies. I presume that the defendant Hood also understands the punishment fixed by the statute, it has been stated.

"The Court: I presume so, is that right, Mr. Hood?

"Hood: Yes sir."

In addition to the foregoing, the record contains a number of statements by each defendant that he is guilty.

Under date January 20, 1944, each of these appellants filed an application for writ of habeas corpus in the United States District Court for the District of Kansas. They were then and are now imprisoned in the Federal prison at Leavenworth, Kansas. The applications were substantially alike so far as grounds upon which they were based are concerned. The applications were heard by Judge Helvering. Appellants were represented by counsel, were personally present at the hearing and testified. The court, in support of its order denying the applications, made findings of fact finding generally all the issues in favor of the respondent and against the petitioners. In each habeas corpus case the court specifically found: (1) That on the 2nd of August, 1943, in the trial court, the petitioner in company with and in collaboration with his attorney, entered his free and voluntary plea of guilty to Count 2 of said indictment; (2) that petitioner was not denied any constitutional rights; that he fully knew and understood the nature of the charge contained in the indictment, and without being misled or deceived in any way he voluntarily entered his plea of guilty; (3) that he was and is guilty of the offenses charged in the indictment, and that neither in his petition nor in his testimony has he stated lawful grounds which would authorize his release from the custody of the respondent through habeas corpus; (4) that the United States District Court for the Eastern District of Missouri had jurisdiction over the petitioner and the subject matter for which he was tried, and that the indictment stated an offense against the laws of the United States; (5) that petitioner was not deprived of his liberty without due process of law; that petitioner had his day in court, and being fully aware of the charges against him, and being fully represented by counsel, he entered his plea of guilty and was sentenced upon that plea. Although these habeas corpus proceedings were in a different court than that hearing the motion to vacate, they were nevertheless, matters of which the trial court could take judicial notice. Thus, in Wells v. United States, 318 U.S. 257, 63 S.Ct. 582, 584, 87 L.Ed. 746, the court, among other things, said:

"Nor can we say that there is want of support for the district court's recital in its order that 'the matters and things' contained in the application to set aside the conviction 'have heretofore been adjudicated.' For the Government's brief points out that petitioner, before his application to the district court in this proceeding, had unsuccessfully sought release from custody in two habeas corpus proceedings, of which the federal courts may take judicial notice, both brought in the Northern District of California. In the second, there was a hearing in which he testified in his own behalf; other evidence was taken both oral and documentary, and the court made findings of fact contrary to the allegations of fact on which petitioner now relies."

In the Wells case the petitioner had pleaded guilty to an indictment in the Western District of Texas and was sentenced on that plea. The habeas corpus proceedings referred to, it will be observed, were had in the Northern District of California.

Assuming without deciding that the trial court had jurisdiction to entertain the motion to vacate the judgments and sentences entered by it long after the expiration of the term when entered, the hearing on that motion was not a trial in a criminal case. Every contention of appellants on that motion had been determined against them in the habeas corpus proceedings in the District Court of Kansas, which precluded them from further litigating the question on motion to vacate. In addition to this, the recitals in the records of the court entered in due course of the proceedings culminating in the entry or judgments, conclusively show that their contentions on this motion are wholly without merit. The trial judge conducted the proceedings culminating in the entry of the judgments and sentences complained of with appropriate "solicitude for the essential rights of the accused." There is not a scintilla of evidence reflected by this record to support the charge that the appellants were not represented by competent counsel.

It is argued that the trial court in the criminal case erred in denying the request of appellant Moore to withdraw his plea of guilty. That, we think, is not a matter that may properly be considered as warranting a motion to vacate the judgment. In any event, the request came too late. The plea was entered on July 6, 1943, and the request to withdraw the plea was not made until August 2, 1943. Farrington v. King, 8 Cir., 128 F.2d 785.

█ It is finally urged that a confession improperly obtained from one of appellants was used against the other appellant. There is nothing in the record to sustain any such charge. Appellants having entered their pleas of guilty, admitted all the facts charged in the indictment necessary to constitute the offense, and no other proof was necessary, nor was any other proof offered. This contention seems also to have been urged in the habeas corpus proceedings in Kansas, but it was found by the court to be unfounded. Whether any confession was obtained would seem to be quite immaterial in view of the fact that it was not used, and in view of the pleas of guilty voluntarily entered by appellants. The order appealed from is therefore affirmed.