Aaron Walter BURGETT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15565.

United States Court of Appeals Eighth Circuit.

Oct. 19, 1956.

Aaron Walter Burgett, appellant, pro se.

Harry Richards, U. S. Atty., and Robert C. Tucker, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before WOODROUGH, VOGEL and VAN OOSTERHOUT, Circuit Judges.

VOGEL, Circuit Judge.

On May 29, 1952, Aaron Walter Burgett, upon having entered a plea of guilty to a violation of 18 U.S.C.A. § 2114, was given a mandatory sentence of imprisonment for a period of 25 years. He appeals to this court from an order of the District Court denying a motion "in the nature of error coram nobis", which was treated by the court as a motion under 28 U.S.C.A. § 2255, whereby appellant sought vacation of the sentence imposed on the ground that it was illegal. He al-

leges that his plea was coerced. The District Court found that "from examination of the present pending motion and from an examination of the files and records in the case, including the official transcript, which show conclusively that the defendant is entitled to no relief, we find that defendant is entitled to no relief under the present motion and that same is without merit". Appellant takes the position that his petition raises substantial issues of fact and that the District Court should have required his presence at a hearing thereon. A determination of appellant's right to be present at a hearing on his motion requires a careful examination of the original files which we have before us.

The record indicates that the appellant and two codefendants, not involved in the instant proceedings, appeared before the District Court on May 23, 1952, at which time the District Court was advised in the presence of the defendant by a United States Attorney that the latter had received a communication in the mail from the defendant indicating a desire to waive grand jury indictment and be proceeded against on criminal information. Burgett was asked if he had counsel, to which he replied in the negative. He was asked if he desired counsel appointed. Upon his indicating that he did not want counsel appointed for him, the United States Attorney suggested that in view of the nature of the offense, the defendant should be represented. The court appointed two attorneys for the three defendants. Later on the same day, after a conference between the attorneys and the defendants, waivers of indictment were filed. The attorneys so appointed asked the court for a week's time "to go further into this charge". The cause was passed until May 29th, at which time the three defendants again appeared before the court with their attorneys. The following occurred:

"The Court: Are you prepared at this time to enter the plea?

"Mr. Oliver: Yes, your Honor. Mr. Wilburn—excuse me, sir.

"Mr. Wilburn: Go right ahead.

"Mr. Oliver: Mr. Wilburn and I have discussed this case at great length with each of the defendants and we checked the law pertaining to this charge and have advised these defendants of the fact that there is a mandatory sentence of 25 years imposed on this charge. We have discussed at great length with them and they stated to us this morning that they are ready to enter a plea of guilty to the charge, each of them.

"The Court: More than one count?

"Mr. Oliver: No, sir. One, your Honor; just one count.

"The Court: I take it you, through counsel, you waive for each of these defendants before they enter the plea.

"Mr. Oliver: Yes, your Honor. I am sorry.

"The Court: To the charges contained in the information.

"Mr. Oliver: That is right, your Honor. I am sorry I didn't state that.

"The Court: Mr. Burgett—which one is that?

"Defendant Burgett: I am.

"The Court: Your name is Burgett?

"Defendant Burgett: Yes, sir.

"The Court: Did you hear what each of counsel said, and your counsel?

"Defendant Burgett: Yes.

"The Court: You have discussed it with him fully?

"Defendant Burgett: Yes.

"The Court: And you have told him the truth about what part you had to do with it?

"Defendant Burgett: Yes, sir.

"The Court: And you have heard him state that he desires to enter a plea of guilty on your part?

"Defendant Burgett: Yes.

"The Court: And that is in accordance with your wish?

"Defendant Burgett: Yes, sir.

\* \* \* \* \* \*

"The Court: Very well. Let the record show as to the defendant Aaron Walter Burgett, defendant waives formal arraignment, through counsel, and enters plea of guilty.

\* \* \* \* \* \*

(Thereupon Mr. Freer on behalf of the Government, and Mr. Oliver on behalf of the defendants, made their arguments to the Court.)

"The Court: Anything else?

"Mr. Oliver: Yes, your Honor. All three of the boys stand charged with armed robbery in the state court.

"The Court: As to the defendant Aaron Burgett, you heard the statement made by the district attorney regarding this offense. It that statement true?

"Defendant Burgett: Yes, sir.

"The Court: Any explanations you want to make of the district attorney's statement?

"Defendant Burgett: No, sir."

After further inquiry from the co-defendants, the court imposed a mandatory sentence of imprisonment of 25 years.

On March 26, 1953, the appellant filed a motion to vacate judgment in accordance with the provisions of 28 U.S.C.A. § 2255. He requested that the court appoint counsel for him. Hearing on his motion was held on April 30, 1953. His court-appointed counsel, Paul Lashly, appeared in his behalf. In that proceeding appellant asked for a reduction in his sentence because, while admitting armed robbery of a store, he claimed he was unaware that the store was also a post office. On May 8, 1953, the District Court made findings of fact and conclusions of law and, following this court's decision in Hood v. United States, 8 Cir., 1946, 152 F.2d 431, which involved a similar question, entered its order overruling appellant's petition. No appeal was perfected therefrom.

On February 6, 1956, appellant filed the motion which is the subject of this appeal. In his motion he claims that his petition " \* \* \* deals with different and unrelated facts not heretofore raised due to fear and intimidation".

The main theme of the present complaint is one of threat and coercion. Petitioner alleges that he did not wilfully or intelligently waive indictment; that the waiver was secured by threat and promise and was signed before he had recourse to counsel; that the information alleged a crime which was never committed; that no person could be presumed to freely and intelligently enter a plea of guilty to a crime prescribing a mandatory sentence of 25 years; that his plea of guilty was coerced; that he was beaten and abused by law enforcement officers and then made to sign a confession of guilt, and that his counsel was incompetent.

Petitioner cites a number of cases to this court which have been examined and found not applicable to the instant question. He relies mainly upon United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. In that case, the respondent alleged in his petition that he did not have the effective use of counsel in that a principal witness against him at his trial who was a defendant in a related case was represented by the same lawyer as respondent. He claimed that he was not told of the dual representation, and had no way of discovering the conflict until after his trial was over. The court record disclosed that the witness and co-defendant had testified against the respondent after entering a plea but before sentence. A possible conflict of interest was indicated and it was conceded by the concurrent findings of both the District Court and the Court of Appeals, 9 Cir., 187 F.2d 456 that:

"\* \* \* respondent's motion states grounds to support a collateral attack on his sentence and raises substantial issues of fact calling for an inquiry into their verity." 72 S.Ct. 267.

The Supreme Court, however, carefully pointed out, 342 U.S. at page 222, 72 S.Ct. at page 274, that:

"The existence of power to produce the prisoner does not, of course, mean that he should be automatically produced in every Section 2255 proceeding. This is in accord with procedure in habeas corpus actions. Unlike the criminal trial where the guilt of the defendant is in issue and his presence is required by the Sixth Amendment, a proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction. Whether the prisoner should be produced depends upon the issues raised by the particular case. Where, as here, there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing."

The error in that case was in determining the factual issue raised by the respondent's motion without notice to the respondent and without his presence at the hearing. We do not think the situation here is comparable. Appellant's claim that he did not wilfully and intelligently waive indictment and that the waiver was secured by threat and promise and signed before he had recourse to counsel is repudiated by the record, which shows that the waiver of indictment was made in open court in the presence of the defendant and his counsel and after a conference had been had. His claim that the information alleged a crime which was never committed is merely a reiteration of his assertion in the 1953 proceedings where he admitted armed robbery of a store but claimed that he and his co-defendants were unaware that the store was also a post office. The record discloses that in his petition in the 1953 proceedings he set forth in detail how he and his co-defendants used subterfuge to enter the building and with the use of guns perpetrated the robbery. Here, as in Hood v. United States, supra, 152 F.2d at page 433:

"The indictment is in conventional form and stated a public offense. Blackwood v. United States, 8 Cir., 138 F.2d 461; Bugg v. United States, 8 Cir., 140 F.2d 848. Whether or not defendants might have been indicted for some other offense or under some other statute is not material. * * * On their plea of guilty there was, of course, no issue to submit to a jury. By such pleas they admitted the allegations of fact charged in the indictment, and if the pleas of guilty were properly entered, they can not now be heard to contend that no mail matter was involved."

As we have previously stated, that issue was determined adversely to the appellant by the District Court in the 1953 proceedings. The claim that no person could be presumed to freely and intelligently enter a plea of guilty to a crime prescribing a mandatory sentence of 25 years is fully answered by the transcript of proceedings. There was no presumption about it. That is exactly what the appellant did. He and his co-defendants were advised by their counsel of the charge against them and the fact that a mandatory sentence of 25 years was provided. Burgett specifically admitted discussing the details with his counsel and told the court that he told them the "truth about what part he had with it". His charge that he was beaten and abused and forced to sign a confession of guilt is beside the issue here because the record is devoid of anything indicating the use of a confession. The same complaint was made in Hood v. United States, supra, wherein this court said, 152 F.2d at page 436:

"It is finally urged that a confession improperly obtained from one of appellants was used against the other appellant. There is nothing in the record to sustain any such charge. Appellants having entered their pleas of guilty, admitted all the facts charged in the indictment necessary to constitute the offense, and no other proof was necessary,

nor was any other proof offered. This contention seems also to have been urged in the habeas corpus proceedings in Kansas, but it was found by the court to be unfounded. Whether any confession was obtained would seem to be quite immaterial in view of the fact that it was not used, and in view of the pleas of guilty voluntarily entered by appellants."

█ His charge that his counsel was incompetent is specifically repudiated by the findings of the District Court in the 1953 proceedings. There is here no allegation or intimation that a conflict of interest arose out of the two court-appointed counsel representing appellant and his co-defendants. The sum and substance of his charge here is that his plea of guilty was not voluntarily and intelligently made. The District Court, after reviewing the files and records and the official transcript, found that appellant's plea of guilty " * * * was voluntarily, advisedly, intentionally and understandingly entered", and the record amply supports that finding. The mere denial of that which the appellant had theretofore admitted does not raise a substantial issue of fact within the meaning of Section 2255 or the Supreme Court's pronouncements in the Hayman case. There must be some reasonable basis for causing a question to arise which was not determined prior thereto, such as in the Hayman case—a possible conflict of interests on the part of counsel allegedly unknown to the defendant at the time of trial. As we have already pointed out, the official transcript here refutes appellant's contentions. The indictment was waived only after consultation with court-appointed counsel and there was no hint of threat or promise. The plea of guilty was entered only after the court became satisfied that counsel had discussed the case thoroughly with the appellant and after he had been advised that the charge against him carried a mandatory sentence of 25 years. The court meticulously questioned the appellant as to his understanding of the charge against him. He and his counsel had every opportunity to tell the court of any threats or coercion used against him. Compare Canizio v. People of State of New York, 1945, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545.

█ A defendant, having been represented by competent counsel, having been given every opportunity and right afforded by the law and having entered a plea of guilty, may not, without some reasonable basis, come into court years later and repudiate his prior plea. It is not the intent of Section 2255 nor the meaning of United States v. Hayman, supra, to require a hearing upon the mere assertion that a prior plea was false. To so interpret the statute and the Hayman case is to say that every time a defendant desires to change his mind as to the reason for entering a plea a hearing must be held with the defendant present. The records of the District Court conclusively show that appellant was not denied any federal right and that he was not entitled to be present at a hearing on his motion.

The order appealed from is affirmed.