**SCHULTZ v. ZERBST, Warden.** *

**No. 1128.**

Circuit Court of Appeals, Tenth Circuit.

Nov. 17, 1934.

Charles Schultz, pro se.

S. S. Alexander, U. S. Atty., and Erskine Wyman, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

*Rehearing denied Dec. 12, 1934.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus.

The appellant and others were charged by indictment containing 10 counts, returned in the District Court of the United States for the Northern District of Ohio in No. 2804, with violations of section 37, Penal Code (18 USCA § 88). Appellant was convicted on seven counts.

Appellant was also charged by indictment containing 11 counts, returned in the same court in No. 2805, with violations of section 197, Penal Code (18 USCA § 320). He pleaded guilty to each of such counts.

On December 14, 1921, in No. 2805 the court sentenced appellant to imprisonment in the United States penitentiary at Leavenworth, Kansas, for a period of one year on count one, and to further imprisonment in such penitentiary for a period of 25 years on each of counts 2 to 10, inclusive, the sentences on counts 2 to 10 to be served concurrently after the expiration of the sentence on count one. No sentence was imposed on count 11.

On the same day in No. 2804 the court sentenced appellant to imprisonment in the United States penitentiary at Leavenworth, Kansas, for a period of two years on each of seven counts, such sentences to run consecutively, and the sentence on the first count to commence at the expiration of the sentence in No. 2805.

The first count in No. 2805 charged that appellant did knowingly and feloniously assault Joseph Hughes and Paul Weinrich, who were then known to him to be and were in lawful custody of mail matter designed and intended to be delivered by them to the main post office in Toledo, with the intent to rob such mail matter.

The second count charged that appellant did knowingly and feloniously rob Hughes and Weinrich, who were then in custody of a registered pouch, secured by rotary lock R 6978-440, containing mail matter which was being conveyed by the Post Office Department from Detroit to Toledo, and did knowingly and feloniously take and carry away from Hughes and Weinrich such mail pouch and the mail contained therein, without their consent; and that in effecting such robbery appellant did put in jeopardy the lives of Hughes and Weinrich by the use of guns and pistols. The remaining nine counts charged like robbery of other mail pouches containing mail matter.

Section 197, supra, reads as follows:

"Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses, is whether each requires proof of a fact which the other does not. Blockburger v. United States, 284 U. S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306; Gavieres v. United States, 220 U. S. 338, 342, 31 S. Ct. 421, 55 L. Ed. 489; Schultz v. Biddle (C. C. A. 8) 19 F.(2d) 478, 480; Morgan v. Devine, 237 U. S. 632, 641, 35 S. Ct. 712, 59 L. Ed. 1153; Ebeling v. Morgan, 237 U. S. 625, 631, 35 S. Ct. 710, 59 L. Ed. 1151.

The evidence which would sustain the offense charged in the first count of No. 2805, that is, assault with intent to rob, would be wholly insufficient to support the offense of robbery effected by putting the lives of persons in charge of mail matter in jeopardy by the use of dangerous weapons, charged in the second and subsequent counts. Each required proof of a different fact or element. It follows that counts 1 and 2 of No. 2805 charged appellant with separate and distinct offenses, for the conviction of which separate penalties might be inflicted upon him.

Where one seeks discharge from confinement after conviction for an offense upon a petition for habeas corpus, the two questions presented are whether he was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. Cardigan v. Biddle (C. C. A. 10) 10 F.(2d) 444, 446; McIntosh v. White (C. C. A. 8) 21 F.(2d) 934, 935.

The maximum penalty is ten years, under section 197, Penal Code, for assault with intent to rob a person in charge of mail matter, and 25 years for robbery of such person effected by putting the life of that

person in jeopardy by the use of dangerous weapons. It follows that the sentences imposed in No. 2805 were not excessive.

In Schultz v. Biddle, supra, the indictment and conviction of Schultz in No. 2805 were held sufficient to sustain a sentence of 26 years.

The offenses charged in the several counts of the indictment in No. 2805 were neither colorless nor impossible ones under the law, and the court which imposed the sentences had jurisdiction of the subject-matter and the person of the appellant.

It is well settled that defects in an indictment, not going to the jurisdiction of the court which pronounced sentence, may not be raised on habeas corpus. Franklin v. Biddle (C. C. A. 8) 5 F.(2d) 19, 20; Brown v. White (C. C. A. 8) 24 F.(2d) 392, 394; Biddle v. Hays (C. C. A. 8) 8 F.(2d) 937; Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 527, 68 L. Ed. 1070.[1]

The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual.[2]

Where the sentence imposed is within the limits prescribed by the statute for the offense committed, it ordinarily will not be regarded as cruel and unusual. Jackson v. United States (C. C. A. 9) 102 F. 473, 487; Tincher v. United States (C. C. A. 4) 11 F. (2d) 18, 21; Bailey v. United States (C. C. A. 7) 284 F. 126; Jackson v. United States (C. C. A. 3) 72 F.(2d) 764. See, also, Weems v. United States, 217 U. S. 349, 30 S. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705.

We hold that the punishment imposed in No. 2805 was not cruel and unusual within the meaning of the constitutional inhibition.

We conclude that the appellant is in lawful custody under the sentences imposed in No. 2805. That being true the writ of habeas corpus may not be used to test the validity of the sentences imposed in No. 2804, or to establish the eligibility of appellant for parol. McNally v. Hill (U. S. decided Nov. 5, 1934) 55 S. Ct. 24, 79 L. Ed. ——.

The judgment is affirmed.

---

[1] In Franklin v. Biddle, supra, the court said:

"The question in this case, however, is not the sufficiency of the indictment against Mr. Franklin against a direct attack by demurrer or motion in the trial court; it is its sufficiency to invoke the exercise of the jurisdiction of the court in California which tried him to decide, if it had been requested by the defendant in the proper time so to do, whether or not that indictment was sufficient to require him to stand trial thereunder. And the test of jurisdiction is not right decision but the right to enter upon the inquiry and make some decision."

In Goto v. Lane, supra, the court said:

"The circuit court in which the petitioners were tried and convicted undoubtedly had jurisdiction of the subject-matter and of their persons, and the sentence imposed was not in excess of its power. The offense charged was neither colorless nor an impossible one under the law. The construction to be put on the indictment, its sufficiency and the effect to be given to the stipulation were all matters the determination of which rested primarily with that court. If it erred in determining them, its judgment was not for that reason void."

[2] Crutchfield v. Commonwealth, 248 Ky. 704, 59 S.W.(2d) 983, 985; Kistler v. State, 190 Ind. 149, 129 N. E. 625, 628; State v. Smith, 114 Neb. 653, 209 N. W. 328, 329; State v. Feilen, 70 Wash. 65, 126 P. 75, 76, 41 L. R. A. (N. S.) 418, Ann. Cas. 1914B, 512; Territory v. Ketchum, 10 N. M. 718, 65 P. 169, 171, 55 L. R. A. 90; State v. Becker, 3 S. D. 29, 51 N. W. 1018, 1022; State v. Stubblefield, 157 Mo. 360, 58 S. W. 337, 338, 339; State v. Woodward, 68 W. Va. 66, 69 S. E. 385, 30 L. R. A. (N. S.) 1004.