Loyce Edward **BROOKS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 5073.

United States Court of Appeals
Tenth Circuit.

May 23, 1955.

No appearance for appellant.

Royce D. Sickler, Asst. U. S. Atty., Topeka, Kan. (William C. Farmer, U. S. Atty., Wichita, Kan., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

An indictment of two counts was returned against Loyce Edward Brooks and another, charging them with viola-

tions of 18 U.S.C.A. § 2114. Count one charged them with assaulting Ershel R. Whitney and John S. Fleming, persons having lawful charge, control and custody of mail matter, money and other property of the United States, with intent to rob, steal and purloin from them money belonging to the United States.

Count two charged that with the use of an automatic pistol they held up and robbed a postal employee of the United States, to-wit, Ershel R. Whitney, of approximately $14.85 in currency and coin belonging to the United States.

They were tried to a jury and found guilty on both counts. The court imposed the following judgment on Brooks: "It Is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of ten (10) years on count 1; for a period of twenty-five (25) years on count 2, said sentence on count two to run concurrently with the sentence imposed on count 1, but execution of same is suspended and the defendant is hereby placed upon probation on count 2 for the period of five (5) years."

Brooks was delivered to the United States Penitentiary at Leavenworth, Kansas, on August 1, 1951. On June 10, 1954, he filed a motion for a writ of error coram nobis. It was treated as a motion under 28 U.S.C.A. § 2255 to vacate the sentence. The motion was denied and this appeal followed.

The only substantial question presented by the appeal is whether counts one and two of the indictment stated but a single offense for which only one sentence could be lawfully imposed. The question is whether the part of the statute imposing a mandatory sentence of 25 years, where one in effecting or attempting to effect such robbery, wounds the person having custody of Government property or puts his life in jeopardy by use of a dangerous weapon states a separate and distinct offense from the first part of the statute providing for a sentence of not to exceed 10 years, where such robbery or attempted robbery is effected as a result of a common ordinary assault. The identical question was before us in Schultz v. Zerbst, 10 Cir., 73 F.2d 668, and we held that two separate offenses were stated in the statute. Sansone v. Zerbst, 10 Cir., 73 F.2d 670, by our court, while not identical on the facts is to the same effect.[1] Other courts have reached a contrary conclusion. The case of Costner v. United States, 4 Cir., 139 F.2d 429, a well reasoned case, reached a contrary conclusion. The court there concluded that the two portions of the statute stated but a single offense, namely, an assault in an attempt to rob or in the commission of a robbery, and that the second portion of the statute stated the same offense committed in an aggravated manner by the use of a dangerous weapon or by wounding the assaulted person, and that Congress merely intended that when the offense was committed in that manner a heavier penalty should be exacted. It was accordingly held that when the robbery or attempted robbery was committed by the use of a dangerous weapon or by wounding the person, the lesser offense was merged in the greater.[2] We think further support is lent to this view by the provision of the statute imposing a mandatory sentence of 25 years for a subsequent offense. In other words, Congress intended that a more severe penalty should be inflicted where a second robbery or attempted robbery by simple assault was committed.

The construction which has been placed upon Subsections (a) and (b) of the analogous Bank Robbery Statute, 18 U.S.C.A. § 2113, supports the views expressed in the Costner case. The provi-

1. Colson v. Aderhold, D.C., 5 F.Supp. 111.

2. For cases having reached the same result see Colson v. Johnston, D.C., 35 F. Supp. 317; Brussart v. United States, 6 Cir., 186 F.2d 713; Hunter v. United States, 6 Cir., 149 F.2d 710; United States v. Bruce, D.C., 52 F.Supp. 150; Schwartz v. United States, 9 Cir., 160 F.2d 718.

sions of Subsections (a) and (b) of the Bank Robbery Statute are similar in import to the two provisions of the statute in question. It has been consistently held that Subsections (a) and (b) state but a single offense providing for a more severe penalty when the offense is committed in an aggravated manner.[3]

A re-examination of the question leads us to conclude that the views expressed in the Costner case are sound. We accordingly conclude that the two counts of the indictment in this case stated but a single offense. When the jury found that the offense was committed by assaulting the person having custody of the mail matter and robbing him by the use of a dangerous weapon, the court's jurisdiction was limited to imposing a single sentence of 25 years on count two. The sentence on count one is void.

This conclusion leaves for consideration only the validity of the sentence on count two. Had the sentence on this count not provided for probation, there would be no difficulty notwithstanding the invalidity of sentence on count one. Petitioner then would be in the lawful custody of respondent under the sentence on count two. The sentence provides that it shall run concurrently with the sentence on count one, but it further provides that its execution is suspended and the defendant placed on probation. Did the court mean that the sentence was running while petitioner was serving the sentence on count one, but that he was serving it on probation, or did it mean that the beginning of the probationary period was suspended until the sentence on count one was served? As was said in Simunov v. United States, 6 Cir., 162 F.2d 314, 315, "It is imperative in maintaining respect for judgments of courts that sentences in criminal cases should not be equivocal." We cannot say with that certainty necessary to establish the clarity of a sentence which view the court entertained. We feel that the judgment of sentence on count two should be vacated and the case remanded for resentence.

It is the judgment of the court that the sentence on count one be vacated, set aside and held for naught; that sentence on count two be vacated and that petitioner be remanded to the trial court for resentence on that count.

---

3. For cases under the Bank Robbery Statute see Durrett v. United States, 5 Cir., 107 F.2d 438; Hewitt v. United States, 8 Cir., 110 F.2d 1; Wells v. United States, 5 Cir., 124 F.2d 334; Gant v. United States, 5 Cir., 161 F.2d 793; Vautrot v. United States, 8 Cir., 144 F. 2d 740. In Ward v. United States, 10 Cir., 183 F.2d 270, involving a similar question under the Bank Robbery Statute, we reached an analogous conclusion.