Herbert William **MARTIN**, Appellant,

v.

**UNITED STATES** of America, Appellee.

**No. 5501.**

United States Court of Appeals Tenth Circuit.

Feb. 7, 1957.

**694**

Jack R. Viders, Denver, Colo., for appellant.

Kenneth M. Nohe, Asst. U. S. Atty., Wichita, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant Herbert William Martin was convicted of violating 18 U.S.C.A. §§ 371 and 2114. He has appealed from the trial court's denial of his motion under 28 U.S.C.A. § 2255 to vacate the sentences imposed.

Only counts one and two of the three count indictment need be noted. Count one charged him with assaulting Mrs. Eva E. Polson with intent to rob and steal mail matter and monies belonging to the United States in her possession.

Count two charged him with robbing her by putting her life in jeopardy through the use of a dangerous weapon. Both counts charged that she had lawful custody of the mail matter in her official capacity. Martin received a sentence of two years on count one and twenty-five years on count two. The sentences were made to run concurrently.

Martin's contention that Mrs. Polson was not actually "Clerk in charge" warrants no serious consideration. It is wholly without substance. For the purpose of the indictment the exact status of the person who is victimized under 18 U.S.C.A. § 2114 is immaterial so long as that person had lawful custody of Government property.[1] It was sufficient to allege and prove that the victimized person had lawful custody of the property. Martin's contention that Mrs. Polson did not have property in her possession belonging to the United States is without substance. That goes to the sufficiency of the evidence to prove the charge and cannot be raised under Section 2255.[2]

Martin's contention that counts one and two stated but a single offense and that but a single sentence should have been imposed is well taken.[3] But that does not entitle appellant to relief because the offense charged in count two required a mandatory sentence of 25 years. Since the illegal sentence of two years under count one was made to run concurrently with the lawful sentence of twenty-five years under count two, he has suffered no injury because he is in lawful custody under the twenty-five year sentence.

Affirmed.

---

1. Jones v. United States, 7 Cir., 1934, 72 F.2d 873.

2. Simmons v. United States, 10 Cir., 1956, 230 F.2d 73.

3. Brooks v. United States, 10 Cir., 1955, 223 F.2d 393.