Alexander MORRIS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13800.

United States Court of Appeals
District of Columbia Circuit.

Argued June 24, 1957.

Decided July 8, 1957.

Mr. Paul Dobin, Washington, D. C., with whom Mr. Stanley S. Neustadt, Washington, D. C., (both appointed by this Court) was on the brief, for appellant.

Mr. Alfred Burka, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, WASHINGTON and BURGER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted for murder in the second degree for the killing of one Ted Smith. On March 25, 1955, he pleaded not guilty, and the District Court appointed counsel for him. On April 21, 1955, he appeared in court with his counsel and pleaded guilty to manslaughter. On May 24, 1955, he was sentenced to serve five to fifteen years.

The appeal now before us is from the denial without hearing of a motion under Section 2255, Title 28, United States Code,[1] filed February 8, 1957. It was the third such motion of the same import filed by Morris. No appeal was taken from the denials of the first two motions. The statute (Section 2255 of Title 28) provides that "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Thus under the specific terms of the statute the court was not required to entertain the motion now before us. That disposes of the case.

Nevertheless, because appellant urges upon us as a basis for claiming error on the part of the trial court matters presented by him in his first two motions, and because the trial court considered the whole file in the case in passing upon the last motion, we have examined all those papers.

On July 9, 1956, appellant filed his first motion for reduction of sentence under Section 2255. In the motion he made a long recitation of his version of the facts concerning the offense and his appearances in court. *Inter alia,* he alleged that his appointed counsel asked him "if he had the sum of one hundred dollars", that he answered in the negative and

thereafter counsel advised him to plead guilty to the lesser offense; that he did so and was thereby deprived of the effective assistance of counsel guaranteed him by the Constitution, because he thought counsel would not properly defend him, not being compensated. The District Court denied the motion, finding that "The motion, the files, and the record conclusively show that the prisoner is entitled to no relief." On October 18, 1956, appellant filed another motion, which was denied with the same finding. In his third motion, filed February 8, 1957, and now before us, appellant claimed he was persuaded to withdraw his plea of not guilty by a promise of leniency made by his counsel and that his counsel "contrived" with the United States Attorney to have him convicted. In this last motion he did not mention the hundred dollar incident. Appellant also said his arrest was illegal. The District Court denied this motion with the same finding it had theretofore entered on the other motions. The sentence and the denials of the three motions were all by District Judge Youngdahl.

Appellant was allowed to appeal in *forma pauperis,* and this court appointed counsel, who were not the attorneys at the trial.

The thrust of appellant's contentions here is that he should have been allowed to withdraw his plea of guilty. When such a motion is made after sentence it is to be granted only "to correct manifest injustice".[2] We find no manifest injustice. Moreover such a motion is addressed to the discretion of the District Court. We find no abuse of discretion. The legality of the arrest is not subject to attack under Section 2255.

In each of his recitations of fact in his first two motions, Morris says he struck the decedent with a knife. "* * * petitioner stepped aside and swung at him with his pocket knife, pe-

---

1. 62 Stat. 967 (1948), amended, 63 Stat. 105 (1949).

2. Fed.R.Crim.P. 32(d), 18 U.S.C.

titioner struck this Ted Smith in the side of his face." "* * * petitioner became excited and on the impulse of a moment struck his assailant with a small pen knife". He also recited that the Coroner found Ted Smith bled to death from a cut jugular vein.

Morris also recited in his first motion that he "had a previous record of assault" and that "a jury would not possibly believe him because if [sic] his record".

In respect of the hundred dollar incident, in his first motion Morris merely said: "Counsel inquired of petitioner if he had the sum of one hundred dollars. Petitioner answer in the negative." In his second motion he said, "Counsel * * * interviewed petitioner and asked him if he was able to pay him a hundred dollars, but petitioner was without funds." In his third motion he did not mention the matter.

■ All the foregoing was shown on the face of the motions, written by Morris himself, or in the trial court docket entries. For the purpose of testing the denial of the motions we accept Morris's statements as true. Thus our questions on all those papers would be simply: (1) Does the face of the record, if true, indicate manifest injustice? (2) Does the face of. the record, if true, indicate abuse of discretion by the trial court? (3) Does the face of the record, if true, indicate ineffective assistance of counsel? Our answer to each of these questions is "No".

■ Morris was under indictment for second-degree murder. He faced a possible life sentence. He himself showed he cut Ted Smith "in the side of his face" with a knife, and Smith died from a severed jugular vein. He (Morris) himself showed he had a record for assault and thought a jury would not possibly believe him. His counsel arranged for a plea to manslaughter. These bare and undisputed facts, shown on the face of the record, conclusively negative injustice and abuse of discre-

tion and ineffective assistance of counsel. The trial court had a right to base its conclusion upon an acceptance as true of Morris's allegations. The statute gives the court authority to deny without hearing a motion under Section 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief".

As we pointed out in Adams v. United States,[3] so here.

We there stated:

"There was no legal point which required discussion or an explicit ruling; there was no genuine issue of material fact which required an evidentiary hearing. Summary disposition of futile and groundless motions is permissible under the terms of the statute, when ' "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" '. We are satisfied from our own examination of 'the motion and the files and records of the case', as placed before us, that this statutory provision was applicable here. It seems evident that the District Court, though it does not expressly state so in the record, made a like examination and came to a like conclusion."

In Adams there was no statement by the trial court about "the motion and the files", etc., and we admonished that such a statement should be made if the court so found. In the case before us Judge Youngdahl reached that conclusion and stated it—three times.

■■ As to the inquiry of counsel about the hundred dollars, we certainly would not approve a demand for a fee by counsel appointed in an in *forma pauperis* proceeding. Such action might be a basis for disciplinary proceedings. But it is certainly true that if Morris had that sum of money available for counsel fees he was not entitled to in *forma pauperis* representation. The proper course for counsel under such circumstances is to report the facts, or the sus-

3. 95 U.S.App.D.C. 354, 357, 222 F.2d 45, 48 (1955).

pected facts, to the appointing court. Perhaps the inquiry by counsel in the case at bar was unwise, but it certainly does not support a charge of ineffective assistance of counsel on the face of the facts as recited by Morris.

We find no error.

Affirmed.