**UNITED STATES of America**
v.
**Bernard E. FLETCHER.**
**Crim. Nos. 329-54—332-54.**

United States District Court
District of Columbia,
Criminal Division.
March 18, 1958.

J. Leon Williams, Washington, D. C., for petitioner.

Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for respondent.

## YOUNGDAHL, District Judge.

Petitioner filed a motion to vacate judgment under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. In his petition he charged that court-appointed counsel had asked him for money and upon finding that petitioner had no money to give him, advised him to plead guilty.

The Court is of the opinion that such an allegation warrants a hearing to determine its truth. In Morris v. United States [1] counsel, it was alleged, had asked petitioner if he had one hundred dollars, and when he answered in the negative, petitioner was advised to plead guilty. It should be noted, however, that in the Morris case the allegation was made briefly in the first motion to vacate filed by the petitioner, but in the second petition a somewhat weaker statement was mentioned and in the third petition —which was the basis of the appeal—no mention was made of the incident at all. On the record, therefore, doubt appears as to the truth of the charge. Further, Morris' plea of guilty was entered to a lesser included offense—manslaughter instead of second-degree murder. In the light of these facts the Court of Appeals for the District of Columbia held that a hearing was not necessary since petitioner had not indicated any fact which, if true, would have been a trial without due process of law—specifically the record on its face did not indicate ineffective assistance of counsel.

In the instant case, however, the charge is not made in passing, but is an essential part of the allegation. No contrary statements appear with respect to it; the plea was not to a lesser offense but to all four counts of the indictment for which he was charged. The Court is of the opinion that the allegation, if true, would constitute ineffective assistance of counsel.

At the hearing, counsel in the original trial testified that he made no such request of the petitioner but interviewed him and then spoke with the District Attorney. After this he spoke to the defendant again, notified him of what the District Attorney had said to him, and notified him, also, of his right to a trial by jury. The petitioner did not contest these allegations of his trial counsel.

The Court finds that the allegation stated in the petition is untrue and that petitioner was not denied effective assistance of counsel.

After a careful consideration of the files, records, and motion of the case the motion to vacate is denied.

[1]. 1957, 101 U.S.App.D.C. 296, 248 F.2d 618.