Delbert Wayne WELLS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7088.

United States Court of Appeals
Tenth Circuit.

Dec. 5, 1962.

Robert L. Duncan, Cheyenne, Wyo., for appellant.

Leroy V. Amen, Asst. U. S. Atty. (Robert N. Chaffin, U. S. Atty., on the brief), for appellee.

Before BRATTON, LEWIS and SETH, Circuit Judges.

PER CURIAM.

The indictment in this case, drawn under 18 U.S.C. § 2114, charged that appellant did rob, steal, and purloin from a named postmaster, a specified sum of money which was the property of the United States; and that in effecting the robbery, appellant put in jeopardy the life of the postmaster. A motion was filed in the case to vacate, set aside, or correct the judgment and sentence. The motion was denied and this appeal was perfected from the order of denial.

It is urged that the judgment should have been vacated for the reason that appellant was improperly seized and restrained for a period of seven days, part of such time in one jail and part in another, before being taken before a

United States Commissioner. There is no suggestion that appellant made any incriminating statement; that he gave any confession; or that any other prejudicial occurrence intervened after the seizure and during the restraint. The motion to vacate, set aside, or correct the judgment and sentence was filed approximately five months after the imposition of sentence. There was no indication on the face of the motion that it was filed under 28 U.S.C. § 2255, but in their briefs both parties treat it as having been filed under the statute. The judgment was not open to collateral attack by motion under the statute without any showing that an incriminating statement was made, a confession was given, or other prejudicial occurrence intervened after seizure and during restraint. Morris v. United States, 101 U.S.App.D.C. 296, 248 F.2d 618; Hhernandez v. United States, 5 Cir., 256 F.2d 342, certiorari denied, 358 U.S. 851, 79 S.Ct. 80, 3 L.Ed.2d 85; Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, certiorari denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82; Jones v. United States, 103 U.S.App.D.C. 326, 258 F.2d 420, certiorari denied.

The second contention urged is that the verdict of the jury was improper in form. The statute under which the indictment was drawn creates two separate offenses. One is the assault of a person having lawful charge, custody, or control of mail matter, money, or other property of the United States with the intent to rob, steal, or purloin. The other is the wounding of such person or the putting of his life in jeopardy in effecting or attempting to effect such robbery. Schultz v. Zerbst, 10 Cir., 73 F.2d 668; Hood v. United States, 8 Cir., 152 F.2d 431. The verdict contained two paragraphs. In the first, the jury found appellant guilty as charged in the indictment; and in the second, the jury found that he put the life of the postmaster in jeopardy. The verdict was proper in form and was not vulnerable to the challenge directed against it.

The remaining contention is that the court erred in failing to consider suspension of the sentence under the provisions of 18 U.S.C. § 3651. The judgment is not open to collateral attack on that ground by motion under 28 U.S.C. § 2255.

Affirmed.