Kevin J. McAVOY, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

**Misc. No. 1196.**

United States District Court
E. D. Louisiana,
New Orleans Division.

April 19, 1965.

Kevin J. McAvoy, in pro. per.

John C. Ciolino, Asst. U. S. Atty., Eastern District of Louisiana, New Orleans, La., for defendant.

AINSWORTH, District Judge.

This petition was filed by Kevin J. McAvoy pursuant to the provisions of 28 U.S.C. § 2255 (erroneously designated as a petition for a writ of habeas corpus in his handwritten petition) to set aside his sentence under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b), imposed on January 6, 1965 for violation of 18 U.S.C. § 2312, relative to interstate transportation of a stolen motor vehicle. The court has reviewed the petition and the record in Criminal No. 29794, including the transcript of the proceedings taken in open court on December 2, 1964 and January 6, 1965, and accordingly denies the petition herein.

Petitioner seeks to set aside his conviction and sentence on the ground that he was illegally detained by the Federal Bureau of Investigation in the First Precinct jail of New Orleans nine days after having been interrogated and that he was not "brought before a magistrate or jurist within twenty-four (24) to forty-eight (48) hours after arrest." He alleges denial of due process of law by reason of the illegal detention, as being contrary to the Federal Rules of Criminal Procedure.

An arrest was made by police officers of the City of New Orleans on November 1, 1964 and petitioner was charged in State Court with possession of stolen property. On November 10, 1964 a complaint was filed by Special Agent Veater of the Federal Bureau of Investigation, charging violation of 18 U.S.C. § 2312; thereafter, on the same day, a warrant for the arrest of petitioner was issued by the United States Commissioner. On November 12, 1964 the United States Marshal placed a detainer with the New Orleans Police Department against the prisoner so that he might be taken into custody by the United States Government. On November 13, 1964, the following day, the warrant for arrest was executed and petitioner appeared before the United States Commissioner, at which time he requested counsel. Counsel was appointed and the hearing was continued to November 30, 1964. The preliminary hearing was held on November 30, 1964 before the United States Commissioner, at which petitioner was represented by counsel. It was established at the hearing that there was probable cause to believe that an offense was committed. On December 2, 1964, defendant, represented by counsel, appeared in the United States District Court, waived indictment and pled guilty. Special Agent Shearer of the Federal Bureau of Investigation testified in this court before defendant was sentenced that McAvoy and a co-defendant were arrested by officers of the New Orleans Police Department on November 1, 1964, on a charge of possession of stolen property. At the time of their arrest defendants were in possession of a 1962 Chevrolet, which had no identification plate on it. The identification number was later determined and it was learned that the automobile was reported stolen at Revere, Massachusetts, on July 31, 1964. McAvoy and his co-defendant also had in their possession, when they were arrested by the New Orleans police, a half dozen movie projectors, a couple of tape recorders, one Polaroid camera, two loaded revolvers (a ".38" and a ".32"), two boxes of .38 Smith & Wesson and one box of .32 caliber ammunition, two electric drills and some acetylene torch nozzles, and several license plates. At the request of defendant's counsel, the court ordered a presentence investigation. On January 6, 1965, defendant, again represented by counsel, appeared in open court, at which time he was sentenced and committed to the custody of the Attorney General for treatment and supervision pursuant to Title 18 U.S.C. § 5010(b), until discharged by the Federal Youth Correction Division of the Board of Parole as provided in Title 18 U.S.C. § 5017(c).

The nine days of alleged illegal detention complained of by petitioner cover the period from November 4 to November 13, 1964 (the date on which he appeared for the first time before the United States Commissioner), a period predating the federal arrest.

■■ The record discloses that federal custody was not taken until November 13, 1964, the date of federal arrest and temporary commitment. A contention of unreasonable delay under Federal Rules of Criminal Procedure, rule 5(a) has no application when the accused is in state custody. The period of custody by local officers is not considered as federal custody. Muldrow v. United States, 9 Cir., 1960, 281 F.2d 903.

■■ Defendant, represented by counsel, pled guilty to the offense charged. It is well settled that when a plea of guilty is voluntarily and knowingly made, as was done in this case, the

accused waives all non-jurisdictional defects which might be raised. Hoffman v. United States, 9 Cir., 1964, 327 F.2d 489; Adkins v. United States, 8 Cir., 1962, 298 F.2d 842, cert. den. 370 U.S. 954, 82 S.Ct. 1604, 8 L.Ed.2d 819 (1962); United States v. Miller, 2 Cir., 1961, 293 F.2d 697; United States v. Hetherington, 7 Cir., 1960, 279 F.2d 792, cert. den. 364 U.S. 908, 81 S.Ct. 271, 5 L.Ed.2d 224 (1960); McKenley v. United States, E.D. La.1964, 235 F.Supp. 255. This is particularly true where, as here, no confession was given, no incriminating statement was made, and no prejudicial occurrence intervened subsequent to the arrest and during detention. Wells v. United States, 10 Cir., 1962, 311 F.2d 409.

The motion, files, records and transcript conclusively show that the prisoner is entitled to no relief; therefore, the petition is dismissed and denied without the necessity of hearing. 28 U.S.C.A. § 2255.