**UNITED STATES. of America,**
**Appellant,**

v.

**Dale Edward SUDDUTH, Appellee.**

**No. 71–1423.**

United States Court of Appeals,
Tenth Circuit.

March 27, 1972.

Richard J. Spelts, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for appellant.

Tom W. Lamm, Denver, Colo., for appellee.

Before SETH and BARRETT, Circuit Judges, and MECHEM, District Judge.

SETH, Circuit Judge.

The defendant was charged in a two count indictment, Count I thereof being for the sale of heroin in violation of 26 U.S.C. § 4705(a). Count II charged that the defendant carried a firearm "unlawfully" during the commission of the felony charged in Count I in violation of 18 U.S.C. § 924(c). At the pre-trial of the case the trial court dismissed Count II, D.C., 330 F.Supp. 285. The trial was had on Count I and the defendant was convicted by a jury and the court imposed a sentence of five years. The trial court also imposed a sentence of one year to run consecutively with the five-year term. This one-year sentence was imposed under 18 U.S.C. § 924(c), the trial court thereby treating the subsection as relating to the matter of the penalty to be imposed. It thereby held that the subsection did not create a separate crime. The trial court also construed the wording of the subsection to require that the one-year term under section 924(c) was required to be a consecutive sentence on the first "offense."

The principal issue on the appeal is whether or not the construction of 18 U.S.C. § 924(c) by the trial court was correct. The Government here urges that the subsection creates a separate crime rather than an enhancement of the penalty as found by the trial court. The issue is also presented as to whether or not the subsection requires the sentence, whether it be an enhancement in penalty or a separate offense, to be consecutive to the confinement imposed under Count I, or whether for a "first offense." 18 U.S.C. § 924(c) reads as follows:

"(c) Whoever—

(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or

(2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States.

shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony."

Some examination of the legislative procedure which was followed in the enactment of section 924(c) and its predecessor is necessary in order to properly construe the section. This present subsection of Title 18 was part of the original Omnibus Crime Control and Safe Streets Act of 1968. The section originally contained penalties in subsection (a) thereof which related to Chapter 44 as a whole. These penalties thus related directly to the recitation of "unlawful acts" in the body of the Act. Section 924(c) was added and the original section 924(c) was redesignated (d) as a House Floor Amendment during the course of the debates on the Gun Control Act (H.R. 17,735). Apparently no public hearings were held on this Bill. The floor debate in the House was extensive and several amendments were there considered. Finally the amendment which became the basis of section 924(c) in the 1968 Omnibus Crime Control Act was passed by the House. Some of the amendments considered during the course of the floor debate presented somewhat different methods of handling the use of guns during the commission of a felony. It should be pointed out that the use of a gun during the commission of a felony constituted an en-

tirely different subject than had theretofore been considered during the course of the debates on the original Omnibus Crime Control Act of 1968. The penalties in the original Act related to the acts which were declared unlawful in the Omnibus Bill, and which acts were for the most part related to the sale, importation and transportation of firearms.

The Senate considered its Gun Control Bill which was S. 3633, after the House had passed its Gun Control Act considered above. During the course of the Senate debate various methods to increase the penalty under the Omnibus Crime Control Act of 1968 were discussed on the floor and amendments were then offered. Among these amendments was the first by the Senate directly related to the possession and use of a gun while committing a felony. The Dominick amendment to the Gun Control Act was passed by the Senate and the matter went to the House Senate Conference Committee which adopted the House version of section 924 but with some reduction in the penalties originally proposed. The committee report was adopted and the Bill became the Gun Control Act of 1968, P.L. 90–618. It was an amendment to Chapter 44, Title 18 of the United States Code.

In 1970, the matter of the use of firearms during the commission of a felony was again considered, and again it arose by way of floor amendments. This was during the course of debate on the Omnibus Crime Control Act of 1970. The provisions were suggested as a "rider" to the Bill. The subject matter thereof had been formerly contained in a separate Senate Bill. The floor debate centered on the matter of increasing the severity of the punishment and the debate was directed to this point. The Omnibus Bill of 1970 with the "rider" referred to was passed by the Senate, went to the House Senate Conference Committee and the Senate version was adopted by the committee and the committee report was adopted by both houses and became the present 18 U.S.C. § 924(c).

The manner in which section 924(c) was adopted by Congress and the fact that it originated in both 1968 and 1970 versions by way of floor amendment helps in understanding why the subsection was placed in the Act where it was. This legislative procedure shows why the subject matter of the subsection is somewhat foreign to the balance of section 924. The subject matter was in fact not related to the basic provisions of the Act which relate primarily as we have indicated to restrictions and control in the sale and transportation of firearms. The Act started with the general penalty provisions relating to such matter and can be related directly to the substance of the Act. We have seen how the present subsection (c) was added to meet a somewhat different problem and one which was not covered in the substance of the Act. It was a new subject which was added and its placement and wording give rise to the doubts which prompted the appeal in this case. This general placement of the subsection obviously causes much of the present concern as to the intention of Congress. The penalty section of the Act was probably the best place to insert such a rider, but as we have seen, it has to stand on its own feet since it cannot be related to any recitations in the body of the Act.

In addition to the placement of the subsection, the construction is complicated and is by no means free from doubt by reason of the fact that it refers to and is dependent upon the basic felony. Its placement and the initial wording thereby gives the appearance that the matter relates to the enhancement of the penalty and not to the creation of a separate crime.

As might be expected, the record of the debates of the floor amendments are not particularly helpful in determining the intention of Congress as the attention of the members was directed to the severity of the penalty rather than how the penalty was to be imposed. The several Senators and Congressmen referred to the subsection as "an offense," or as

"a penalty," or as "a crime," or as "a felony." Since the emphasis was otherwise directed, it appears that no unanimity should be expected from such references to the subsection and are not of assistance to us in determining the intention of Congress. The severity and the need for severity of the penalty was debated at length.

An examination of the events surrounding the enactment of section 924(c) and an evaluation of its wording leads us to the conclusion that it was intended to create a separate crime. It is obvious, however, that the matter is by no means free of doubt and we have given careful consideration to the views of the trial judge in this respect, but are led to a contrary result.

If the subsection 924(c) is considered as a separate Act taken out of the context in which it was placed, it takes on the appearance of an ordinary provision defining a crime. As the wording is typical of such a definition, it is perhaps unusual to take such a subsection out of context, but we think it should be done because it is in fact a stranger where it is placed. It is apparent also that the language in the subsection making the crime dependent upon the proof of another crime is unusual, but again it does not necessarily convert it into merely an increase in the penalty for the basic crime. This aspect does not overcome the other indications of the construction of the subsection as an independent crime.

Perhaps the strongest single phrase in the subsection to indicate it as a separate crime is the reference to ". . . subsequent convictions under this subsection . . ." This, of course, is typical of a definition of a separate crime and provisions relating to the increase in punishment upon the second or third conviction thereof.

In construction of the Act, we must consider the acts sought to be punished as something done which must be demonstrated to have taken place or to have existed during the commission of the basic felony. This showing can in some instances become a relatively uncomplicated matter. Provisions relating to the use of a firearm during the commission of a crime are not unusual in the criminal statutes but for the most part they are facts to be proved by the prosecution during the course of the proof and as part of the basic crime, and not as a separate felony. Under the statutory provision we are considering, the basic crime and the use of firearms are separated into two felonies, otherwise the matter is much the same as under statutes where both are combined. The issue will frequently involve a group of facts or inferences which will be disputed or contested and from which different inferences may be drawn. We are of the opinion that these possibilities make the matter properly to be demonstrated to the satisfaction of the jury rather than to be handled, for example, in the manner in which prior convictions are presently demonstrated under most recidivist statutes, as would be done if a penalty only was intended. The proof here used by the trial judge in sentencing the defendant demonstrates the point to a limited extent. The proof on the implementation of the penalty before the trial judge included the testimony relating to certain Denver city records by a witness who apparently handled for the city the matter of issuance or recordkeeping for permits to carry firearms in the city. There was also proof introduced that the defendant was not eligible for a permit, or that he could not lawfully carry a gun in Denver or Colorado by reason of previous convictions. The proof was thus of a relatively simple fact situation, but it is apparent that complications can arise by reason of the place where the felony may have been committed or by reason of the delays in arrest after the commission of the felony and many other situations. We thus conclude that the subject matter of the subsection persuades us to hold that it was intended and should be proved as a separate crime. See United States of America v. Chick, et al, U.S.

**1202**

D.C., District of Arizona, No. CR–71–381–Tuc., which reaches the same result.

 As to the question of first offenses, we hold that the limitations on concurrent sentences and suspended sentences in 18 U.S.C. § 924(c) refer only to second and subsequent offenses.

We have considered only the construction of the statute concerned as it relates to the issue of a separate crime or an enhancement of penalty and express no opinion as to whether the "unlawful" carrying of a firearm refers to state or municipal regulations, and if so whether it creates a federal offense for the violation of a state law, and if it does so, whether this may properly be done.

We thus conclude that the statute was intended to create a separate offense, and that Count II of the indictment here concerned should not have been dismissed. The dismissal of and the sentence on Count II therefore are vacated, the case is remanded to the trial court for further proceedings in conformance herewith.