**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David PHILLIPS, Defendant-Appellant.**

**No. 74–1597.**

United States Court of Appeals, Tenth Circuit.

Argued May 2, 1975.

Decided July 31, 1975.

Certiorari Denied Dec. 8, 1975.

See 96 S.Ct. 458.

---

Michael F. DiManna, Denver, Colo., for defendant-appellant.

John M. Kobayashi, Asst. U. S. Atty. (James L. Treece, U. S. Atty. on the brief), Denver, Colo., for plaintiff-appellee.

Before HILL, SETH and McWILLIAMS, Circuit Judges.

HILL, Circuit Judge.

This appeal challenges appellant's conviction on one count of violating 18 U.S.C. § 2114.[1] The trial court sen-

---

1. 18 U.S.C. § 2114 provides:

"Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years, and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

Appellant was also convicted on one count of violating 18 U.S.C. § 1704 (theft of official Postal Service keys) and three counts of violating 18 U.S.C. § 1702 (obstruction of correspondence). He was sentenced to two years each as to these four counts. The sentences for these counts are to run concurrently with each other and concurrently with the sentence imposed for the § 2114 count.

tenced appellant to 25 years' imprisonment on this count. The facts of the offense will be developed as necessary in the course of the opinion.

Appellant first contends that he was improperly charged in the § 2114 count of the indictment and that the jury was improperly instructed both by use of the special verdict form and the wording of one instruction given the jury. Appellant's position is that § 2114 creates two separate offenses: (1) assault of a person in lawful custody of mail matter during commission of a robbery or attempted robbery and (2) wounding of or placing in jeopardy the life of a mail carrier by using a deadly weapon in the commission or attempted commission of such robbery. Appellant argues these two offenses must be charged separately, the jury must be instructed on each one and the prosecution must prove all elements of each offense.

Reliance is placed on *Wells v. United States,* 311 F.2d 409 (10th Cir. 1962), *cert. den'd,* 373 U.S. 925, 83 S.Ct. 1526, 10 L.Ed.2d 424 (1962), as indicating this Circuit's two offenses construction of § 2114. This Circuit first considered whether § 2114's predecessor created one offense or two offenses in *Schultz v. Zerbst,* 73 F.2d 668 (10th Cir. 1934). The indictment there charged appellant in count one with the assault of mail carriers with the intent to rob and in counts 2 to 11 with the actual robbery of mail from the carriers, effected by putting the carriers' lives in jeopardy by use of guns and pistols. The trial court sentenced appellant to one year on count one and to 25 years on each of counts 2 to 10, the latter sentences to run concurrently after sentence on count one. This Court held appellant was charged with ". . . separate and distinct offenses, for the conviction of which separate penalties might be inflicted upon him." The Court held each charge ". . . required proof of a different fact or element."

In *Brooks v. United States,* 223 F.2d 393 (10th Cir. 1955), this Court reexamined the two offenses construction of

*Schultz* and determined § 2114 stated only one offense, "an assault in an attempt to rob or in the commission of a robbery." Relying on *Costner v. United States,* 139 F.2d 429 (4th Cir. 1943), this Court held that the second portion of § 2114 "stated the same offense committed in an aggravated manner." Pointing to *Costner,* this Court said, "It was accordingly held that when the robbery or attempted robbery was committed by the use of a dangerous weapon or by wounding the person, the lesser offense was merged in the greater." Sentence was vacated under count one (assault with intent to rob) and petitioner was remanded for resentencing under count two (robbery of money effected by use of a pistol). The trial court only had jurisdiction to impose a 25-year sentence under count two and had no jurisdiction to sentence under count one. *Brooks* was recognized in *Martin v. United States,* 241 F.2d 693 (10th Cir. 1957).

The case relied upon by appellant concerning the construction of § 2114 is *Wells v. United States, supra.* Appellant, convicted of violating § 2114, argued, *inter alia,* the verdict of the jury was improper in form. The Court, in a per curiam opinion, said:

> The second contention urged is that the verdict of the jury was improper in form. The statute under which the indictment was drawn creates two separate offenses. One is the assault of a person having lawful charge, custody, or control of mail matter, money, or other property of the United States with the intent to rob, steal, or purloin. The other is the wounding of such person or the putting of his life in jeopardy in effecting or attempting to effect such robbery. *Schultz v. Zerbst,* 10 Cir., 73 F.2d 668; *Hood v. United States,* 8 Cir., 152 F.2d 431. The verdict contained two paragraphs. In the first, the jury found appellant guilty as charged in the indictment; and in the second, the jury found that he put the life of the postmaster in jeopardy. The verdict was proper in

form and was not vulnerable to the challenge directed against it.

Appellant says *Wells* overruled *Brooks* (apparently *sub silentio*) and reaffirmed *Schultz.* We do not agree with appellant's interpretation of *Wells.* In the matter quoted, the Court was stating appellant's position in the sentences ending with the *Schultz* and *Hood* citations. The Court proceeded to determine the propriety of the verdict in a manner consistent with *Brooks.* Apparently, the verdict form allowed the jury to determine separately guilt of the offense and presence of the aggravating circumstance. The opinion does not indicate that two sentences had been imposed for the § 2114 offense. Consequently, we believe *Wells* is consistent with *Brooks* and is not support for a two offenses construction of § 2114.

Appellant also points to *United States v. Sudduth,* 457 F.2d 1198 (10th Cir. 1972), as supportive of his two offenses construction of § 2114. *Sudduth* involved a determination of whether 18 U.S.C. § 924(c)[2] created a separate offense or was merely a penalty provision. Section 924(c) punishes using a firearm to commit or carrying a firearm unlawfully during the commission of a felony which may subject a person to prosecution in a court of the United States.

Our analysis convinces us that no inconsistencies exist between *Sudduth* and *Brooks.* The same approach was taken to the interpretation of § 924(c) as was taken regarding § 2114, however, in *Sudduth,* in a case where " . . . the matter [was] by no means free of doubt . . . ", the court determined the wording, subject matter and events sur-

rounding the statute's enactment indicated a separate offense rather than an increased penalty construction. Initially, we note that subsection 924(c) is dependent upon the basic felony; no basic felonies are defined in the subsection. In § 2114, the basic offense is defined in the section.

■ In *Sudduth,* the Court pointed to the language of § 924(c), " . . . subsequent convictions under this subsection . . . ", and said this language was "[p]erhaps the strongest single phrase in the subsection to indicate it as a separate crime . . . ." The Court further stated, "This of course, is typical of a definition of a separate crime and provisions relating to the increase in punishment upon the second or third conviction thereof." In § 2114, the phrase " . . . for a subsequent offense . . . " is present in the closing clause. This phrase is a third alternative invoking imposition of the greater punishment and refers to the offense as defined in the first independent clause of the section. In § 924(c), the "subsequent convictions" phrase indicated at least one offense was being defined by that very subsection; in § 2114, the similar phrase logically could refer to the offense already defined in the first clause of that same section. We believe this phrase supports the one offense construction given to § 2114 by this Court.

Furthermore, the Court, in *Sudduth,* stated the following:

> It is apparent also that the language in the subsection making the crime dependent upon the proof of another crime is unusual, but again it does not necessarily convert it into merely an

---

**2.** 18 U.S.C. § 924(c) provides:

Whoever—

(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or

(2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States. shall, in addition to thè punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the

case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in a case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony.

increase in the penalty for the basic crime. This aspect does not overcome the other indications of the construction of the subsection as an independent crime.

The Court recognized that making the crime dependent upon proof of another crime did not necessarily convert the former into a mere increase in penalty for the basic crime. The Court believed "other indications" overcame what this dependency upon proof of another crime indicated. In considering § 2114, we do not find "other indications" that an aggravating circumstance, when proven, was intended to be a separate offense rather than a mere increase in penalty for the basic crime.

Section 2114 does not contain two separate offenses. Consequently, the prosecution did not need to charge two separate offenses and prove two sets of elements. The trial court did not err in adopting the *Brooks* view of § 2114.

Appellant, utilizing his two offenses theory, objects that the jury was never instructed that a fourth element—that appellant put the mail carrier's life in jeopardy by use of a dangerous weapon—was needed to convict under count II. The verdict form did provide for the jury to simply denote "guilty" as charged under count II. The failure to instruct the jury that the aggravating circumstance was an element of proof for guilt under count II was not error; the verdict form contained special questions covering the elements of the aggravating circumstance. The jury specifically found appellant had committed the aggravating circumstance as alleged. We cannot see any prejudice to appellant in the instructions, verdict form, or form of the indictment.

**3.** *Crampton* was vacated based on *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

**4.** Appellant cites *Cross v. United States,* 118 U.S.App.D.C. 324, 335 F.2d 987 (1964), as supportive of its position that a defendant should not be required to make this kind of choice involving the self-incrimination privilege.

In *Cross,* appellants had been indicted in one indictment for two counts of robbery. The

■ Appellant contends that if a one offense construction is given § 2114 that section is unconstitutional on its face because it violates the Fifth Amendment protection against self-incrimination. That construction, appellant contends, forces a defendant to choose between remaining silent on the issue of guilt or surrendering his self-incrimination privilege by pleading his case with respect to the aggravating circumstance. Appellee succinctly states the issue as follows:

> . . . whether the defendant's choice between [1] asserting his privilege against self-incrimination under the Fifth Amendment by voluntarily electing not to testify and [2] waiving his privilege in order to testify presumably in denial of the circumstances of aggravation alleged in this case constitutes compelled self-incrimination transgressing the provisions of the Fifth Amendment.

As appellant argues, a defendant who takes the stand to present evidence concerning the use of a dangerous weapon or the wounding of a mail carrier must subject himself to cross examination and possible inculpatory evidence concerning the basic offense.

The Sixth Circuit considered this same argument in *Kirk v. United States,* 457 F.2d 400 (1972), *cert. den'd,* 409 U.S. 987, 93 S.Ct. 342, 34 L.Ed.2d 253 (1972). Relying on *Crampton v. Ohio,* 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971), *vacated* 408 U.S. 941, 92 S.Ct. 2873, 33 L.Ed.2d 765 (1972),[3] that Circuit held: "No Fifth Amendment privilege is jeopardized by trying a defendant on both the robbery offense and the aggravated offense in the same proceeding." Appellant argues the Sixth Circuit's reliance on *Crampton* was misplaced.[4]

robberies had occurred at different places and approximately two months apart. The court determined that severance was required under F.R.Crim.P. 14 " . . . when an accused wishes to testify on one but not the other of *two joined offenses* which are clearly distinct in time, place and evidence." [Emphasis added.] In our present case, we are dealing with one offense committed under circumstances requiring a more severe penalty. *Cross* is inapplicable.

We believe *Crampton* is supportive of the *Kirk* holding. Crampton had been found guilty by a jury of the murder of his wife, in a trial where the jury determined both guilt and punishment. Crampton argued that a bifurcated trial was necessary as in the unitary trial he could remain silent on the issue of guilt only by surrendering any opportunity to plead his case on the issue of punishment. The Supreme Court said, "The narrow question left open is whether it is consistent with the privilege for the State to provide no means whereby a defendant wishing to present evidence or testimony on the issue of punishment may limit the force of his evidence (and the state's rebuttal) to that issue." *Crampton* at 213, 214, 91 S.Ct. 1470.

The Court reasoned as follows:

The criminal process, like the rest of the legal system, is replete with situations requiring "the making of difficult judgments" as to which course to follow. . . . Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose. The threshold question is whether compelling the election impairs to an appreciable extent any of the policies behind the rights involved. Analysis of this case in such terms leads to the conclusion that petitioner has failed to make out his claim of a constitutional violation in requiring him to undergo a unitary trial.

*Crampton* at 213, 91 S.Ct. 140.

We agree with the Sixth Circuit that the Fifth Amendment privilege is not jeopardized by trying a defendant in the same proceeding for the basic offense and an aggravating circumstance under § 2114. Although defendants may face a choice of some difficulty, it is not a constitutionally impermissible choice. Section 2114 is not violative of the self-incrimination privilege.

█ Finally, appellant challenges the sufficiency of the evidence concerning the aggravating circumstance. Appellant says that taking the evidence in the light most favorable to the government the evidence is insufficient to prove beyond a reasonable doubt that appellant placed the life of a United States mail carrier in jeopardy by means of a deadly weapon. In this case, the mail carrier, while delivering mail, was assaulted and robbed on a porch. The carrier testified that one of the two men who accosted her held a gun on her. She indicated that the taller man put the gun to her throat. Later testimony indicated Willie Walker, the other of the two men, was the taller. Walker, who previously had entered a plea to a different offense arising from the same transaction, testified that appellant held the gun during the robbery.

We apply our familiar standard of review to this argument: viewing the evidence in the light most favorable to the government, is there sufficient proof, direct and circumstantial, together with reasonable inferences to be drawn therefrom from which a jury might find a defendant guilty beyond a reasonable doubt? *United States v. Tokoph,* 514 F.2d 597 (10th Cir. 1975); *United States v. Kramer,* 500 F.2d 1185 (10th Cir. 1974). Credibility of witnesses is a matter for the jury to assess. *United States v. Brumley,* 466 F.2d 911 (10th Cir. 1972), *cert. den'd,* 412 U.S. 929, 93 S.Ct. 2755, 37 L.Ed.2d 156. The trial court gave a cautionary instruction concerning the testimony of an accomplice (Walker). Although appellant asserts that the mail carrier was the only credible witness, that plainly is not what the jury determined. We believe sufficient evidence was presented from which the jury could find, beyond a reasonable doubt, that appellant did place the mail carrier's life in jeopardy by use of a deadly weapon.

Affirmed.