132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Linda L. BRADBURY, Plaintiff-Appellant,
v.
METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Robert
Dean and Richard Murphy, Defendants-Appellees.
 No. 97-2995.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1997.*
Decided Dec. 16, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division, No. 95 CV 63; James Moody, Judge.
 Before POSNER, Chief Judge, and BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Linda Bradbury filed this 42 U.S.C. § 1983 action against Metropolitan Property and Insurance Co. (Metropolitan), Robert Dean and Richard Murphy after an Indiana jury verdict, in which Metropolitan was awarded both compensatory and punitive damages. The district court concluded that Bradbury was attempting to obtain relief from what she believed to be an erroneous state court judgment through the guise of § 1983, and dismissed her claim. Bradbury appeals that decision, claiming that she is suing Metropolitan "for violation of her constitutional rights under the Civil Rights Act, 42 U.S.C. § 1983" Specifically, Bradbury's complaint alleged violations of the First, Fourth, Sixth, Thirteenth, and Fourteenth Amendments. We affirm.
 
 
 2
 In 1985, a fire destroyed Bradbury's home, which was insured by Metropolitan. Soon thereafter, Bradbury presented a claim under her insurance policy for damages caused by the fire. She also submitted a Proof of Loss Statement to Metropolitan stating that she did not cause the fire and provided information regarding the amount of the loss she was claiming.
 
 
 3
 After advancing money to Bradbury to satisfy her mortgage, Metropolitan conducted its own investigation of the fire and determined that Bradbury had started the fire and that the amount of the loss she had claimed was greatly exaggerated. No criminal charges by the state of Indiana were ever made in connection with the destruction of Bradbury's home. However, Metropolitan filed suit against Bradbury in state court alleging concealment, misrepresentation and fraud. The insurance policy was canceled and Metropolitan obtained a judgment against Bradbury after a bench trial in 1986. Bradbury appealed that judgment to the Indiana Court of Appeals While the appeal was pending, Metropolitan foreclosed on Bradbury's mortgage and the property was sold at a Sheriff's auction. The Indiana Court of Appeals overturned the verdict and remanded the case to the trial court for a trial by jury. Defendants Dean and Murphy were fire inspectors who investigated the fire and testified or Metropolitan's behalf at the trial. The six person jury returned a verdict in favor of Metropolitan and awarded it both compensatory ($50,100) and punitive ($75.00) damages. Bradbury appealed to the Indiana Court of Appeals The court of appeals considered 12 errors alleged by Bradbury and upheld the jury's decision in all respects. On June 29, 1995, the Indiana Supreme Court denied transfer.
 
 
 4
 On July 31, 1995, Bradbury filed this action in the district court alleging that Metropolitan violated her Constitutional rights while acting under the color of state law. On July 1 7, 1997, after a hearing conduct by a magistrate judge, the district court granted the defendants' motion to dismiss. We review the motion to dismiss de novo, taking well-pleaded allegations as true and drawing all reasonable inferences in favor of the plaintiff.See Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 509 (7th Cir.1906), cert. denied, 117 S.Ct 1569 (1997).
 
 
 5
 With respect to defendants Dean and Murphy, Bradbury's appellate brief fails to present any arguments, citations or authority which would warrant reversal. In fact, Bradbury's appellant brief is completely silent as to Dean and Murphy. An appellant's brief must "contain the contentions of the appellant on the issues presented. and the reasons therefor, with citations to authorities, statutes, and parts of the record relied on." Fed R.App. P. 28(a)(6). We have previously warned pro se litigants that this court will dismiss an appeal that does not contain an identifiable argument or that fails to specify any error in the district court's decision. See United States ex rel. Verdone v. Circuit Court for Taylor County, 73 F.2d 669, 673 (7th Cir.1995); Brooks v. Allison Div. of Gen. Motors Corp., 874 F.2d 489, 490 (7th Cir.1989). Bradbury failed to make a "minimally complete and comprehensible argument for each of [her] claims," Luddington v. Indiana Bell Tel. Co., 966 F.2d 225, 230 (7th Cir.1992), as they relate to Dean and Murphy, and, therefore, she has not satisfied the requirements of' Federal Rule of Appellate Procedure 28(a)(6). Because Bradbury has not preserved those claims on review, as they relate to Dean and Murphy, Bradbury has waived those claims.
 
 
 6
 To the extent that Bradbury's complaint against Metropolitan seeks to undo the Indiana jury award of compensatory and punitive damages, the Rooker-Feldman doctrine bars her claim. See Homola v. McNamara, 59 F.3d 647, 650 (7th Cir1995). The Rooker-Feldman doctrine "is based on the principle that inferior federal courts cannot reexamine the decisions of state tribunals in civil litigation." Id. To put it differently, no matter how erroneous the jury award of compensatory and punitive damages, it is not a violation of the Constitution actionable in federal court. See Id. See also Nesses v. Shepard, 68 F.3d 1003, 1004 (7th Cir.1995) ("We do not think the preclusive effect of a prior judgement can be avoided by the facile expedient of claiming that the judge was a cat's paw of the winning party's lawyers, ...").
 
 
 7
 Bradbury has also failed to allege state action or that the alleged deprivations were carried out under color of state law. See 42 U.S.C. § 1983; Dennis v. Sparks, 449 U.S. 24, 27 (1980); Crane v. Logli, 992 F.2d 136, 138 (7th Cir.1993). Even though Metropolitan is a private corporation, it still may be held accountable if Metropolitan "acted together with or has obtained significant aid from the state officials, or [that Metropolitan's] conduct is otherwise chargeable to the state." Lugar v. Edmonson Oil Co., 457 U.S. 922., 937 (1982) However, it is well established that "merely resorting to the courts and being on the wining side of a lawsuit does not make a party a co-conspirator or joint actor with the judge." Dennis, 449 U.S. at 28; See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Thus Bradbury's allegations are insufficient to show that Metropolitan was acting under color of state law.
 
 
 8
 For the foregoing reasons the judgment of, he district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)