**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Ellsworth THOMAS et al.,
Defendants-Appellants.**

**Nos. 71-1532 to 71-1534.**

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 1972.

Michael G. Long, Columbus, Ohio (Court Appointed), Vorys, Sater, Seymour & Pease, Columbus, Ohio, on brief, for appellant Thomas.

R. Douglas Wrightsel, Columbus, Ohio (Court Appointed), Knepper, White, Richards & Miller, Columbus, Ohio, on brief, for appellant Blake.

Ted H. Finesman, Columbus, Ohio (Court Appointed), for appellant Crow.

W. Robinson Watters, Columbus, Ohio, William W. Milligan, U. S. Atty., Robert D. Zitko, Asst. U. S. Atty., Columbus, Ohio, on brief, for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS,* Circuit Judges.

EDWARDS, Circuit Judge.

Defendants appeal from convictions and sentences after jury verdicts of guilty on a single count charging each with violating 18 U.S.C. § 2114 (1970), by armed robbery of a post office at Alledonia, Ohio, on the 15th day of November 1970 during which robbery it was charged that defendants put the life of the postmistress in jeopardy by the use of dangerous weapons.

There was more than ample evidence to identify the three appellants as the persons who committed the robbery.

* Honorable Henry L. Brooks died on December 30, 1971.

This was a peculiarly brutal crime. Three bandits forced their way into a farmhouse and required the postmistress to open the post office safe in the adjacent country store. All three bandits, according to prosecution testimony, had guns. They repeatedly threatened to blow the postmistress' head off or to shoot other members of her family. One of the bandits struck her husband on the head with his gun. During the holdup the postmistress' father fainted and subsequently died.

Appellants now contend that the District Judge's charge defining the crime constituted reversible error. They also contend that the government should have proved that the guns were both loaded and operable at the time the robbery occurred and, absent such proof, that they are entitled to acquittal on the charge described above.

They also contend that the government was not entitled to show the fainting or the death of the father of the postmistress who died after passing out during the course of the crime.

Each also argues that he was entitled to a separate trial.

■ As to the last issue, Rule 8(b) of the Federal Rules of Criminal Procedure specifically allows for joinder of defendants who are alleged to have participated in the same offense. In this record we find no prejudice to these appellants in the District Judge's denial of their motions to sever under Fed.R. Crim.P. 14. See United States v. Hensley, 374 F.2d 341 (6th Cir.), cert. denied, 388 U.S. 923, 87 S.Ct. 2139, 18 L. Ed.2d 1373 (1967).

■ As to testimony concerning the illness and fainting of the postmistress' father during the course of the robbery, we think these facts were admissible as part of the res gestae of the crime.

■ The United States Attorney asked no question which triggered the postmistress' mother's reference to her husband's death. The comment came during cross-examination, and the record does not disclose either objection to her comment or any request for a special instruction as to it. As to this issue we find no reversible error.

Other issues hinge upon the language of the statute under which appellants were convicted:

"Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, *or puts his life in jeopardy by the use of a dangerous weapon,* or for a subsequent offense, shall be imprisoned twenty-five years." (Emphasis added.) 18 U.S.C. § 2114 (1970).

■ As to the statute itself, we take judicial notice that apparently operable revolvers and shotguns are "dangerous weapons" within the meaning of 18 U. S.C. § 2114. When such weapons are employed, as here, by pointing them at innocent persons and such pointing is accompanied by threats of death, absent compliance with illegal demands, such acts without more may constitute evidence from which a jury could properly infer that the persons against whom they were directed were placed "in jeopardy" within the meaning of the statute. Baker v. United States, 412 F.2d 1069 (5th Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970); United States v. Beverley, 416 F.2d 263 (9th Cir. 1969).

■ We specifically reject the contention that this statute should be construed so as to put the burden of proof on the government of showing that such

weapons were in fact operable and loaded during the course of the crime. The actual facts are, of course, peculiarly within the control of the perpetrators of the crime and peculiarly invulnerable to law enforcement investigation. In most instances (other than those where the bandits are captured on the scene), such interpretation would serve to render this section of the statute totally ineffective. We decline to attribute any such intent to Congress. Baker v. United States, *supra.*

■ As to the Judge's instruction, on this record, taking it as a whole and in context, we find no reversible error. We agree with Judge Medina's view in United States v. Donovan, 242 F.2d 61 (2d Cir. 1957), that putting in jeopardy involves an objective test rather than one which depends solely upon the subjective fears of the victim. However one might wish to phrase such an objective test, the circumstances of this case would, we think, meet it. The evidence herein taking into account appellants' threats and actions on the scene, and testimony concerning their unloading of the weapons after the crime was more than ample to meet any objective standard of putting "life in jeopardy."

By our detailed references to the facts of this case we, of course, do not mean to imply that convictions under this statute are necessarily limited to such extreme circumstances.

■ We find no abuse of judicial discretion in the District Judge's refusing to allow cross-examination of the witness Tyler concerning an alleged robbery in Holbrook, Pennsylvania, when the government's objection was founded upon the fact that any discussion of the Holbrook, Pennsylvania, robbery would disclose that all three of the defendants then on trial also participated in that robbery.

No reversible error appearing from our inspection of the files and records in this case, the judgments of conviction are affirmed.