**Sammy Gene KIRK, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–1840.**

United States Court of Appeals, Sixth Circuit.

March 27, 1972.

Jerry Mack Dorrough, D. D., First Revelation Minister, Church of the New

---

Song, Atlanta, Ga., on brief for appellant.

John L. Bowers, Jr., U. S. Atty., W. Lloyd Stanley, Jr., Asst. U. S. Atty., Chattanooga, Tenn., on brief for appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and KINNEARY, District Judge.*

KINNEARY, District Judge.

Sammy Gene Kirk appeals from an order of the district court denying his "petition for redress" wherein he sought the convening of a three judge court to consider the constitutionality of Title 18, United States Code, Section 2114. The district court treated the "petition for redress" as a motion to vacate sentence under the provisions of Title 28, United States Code, Section 2255. The district court denied petitioner's request to convene a three judge court for the reason that no substantial federal constitutional question was raised concerning the constitutionality of Title 18, United States Code, Section 2114, and the petition was dismissed.

On July 1, 1968 appellant was convicted by a jury verdict in the Eastern District of Tennessee on a one count indictment charging him with robbery of a United States Post Office and with placing the custodian's life in jeopardy by use of a dangerous weapon during the course of the robbery, in violation of Title 18, United States Code, Section 2114. The district court imposed the mandatory twenty-five year sentence. The appellant appealed his conviction to the United States Court of Appeals for the Sixth Circuit and his conviction was affirmed. United States v. Kirk, No. 18,990 (6th Cir., May 29, 1969), cert. den. 396 U.S. 969, 90 S.Ct. 451, 24 L. Ed.2d 434 (1969).

The arguments presented in appellant's "petition for redress" may be summarized as follows:

1. The evidence did not establish beyond a reasonable doubt that petitioner had used a dangerous weapon because there was no direct evidence that the gun used by petitioner was loaded.

2. The statutory scheme of Title 18, Section 2114, and the manner in which petitioner was indicted deprived him of his Fifth Amendment right against self incrimination.

Appellant's first argument was presented on his appeal from his criminal conviction. This Court ruled that there was no merit in the allegation. United States v. Kirk, *supra.* The instruction of the district judge at appellant's criminal trial is clearly to the effect that the jury was required to apply an objective test based on all the facts and circumstances appearing from the evidence to determine whether or not the victim's life was actually put in jeopardy through the use of a dangerous weapon. The use of a weapon in effecting robbery of the mails, absent any other circumstance, allows a finding that such weapon was capable of placing life in actual danger and jeopardy. United States v. Semet, 295 F.Supp. 1084 (E.D. Okla. 1968), and cases cited therein.

Petitioner's first argument was recently considered by this Court in United States of America v. Thomas et al., 455 F.2d 320 (6th Cir. 1972) wherein the Court stated:

. . . we take judicial notice that apparently operable revolvers and shotguns are "dangerous weapons" within the meaning of 18 U.S.C. § 2114. When such weapons are employed, as here, by pointing them at innocent persons and such pointing is accompanied by threats of death, absent compliance with illegal demands, such acts without more may constitute evidence from which a jury could properly infer that the persons against whom they were directed were placed

* United States District Judge, sitting by designation.

"in jeopardy" within the meaning of the statute. Baker v. United States, 412 F.2d 1069 (5th Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970); United States v. Beverly, 416 F.2d 263 (9th Cir. 1969).

We specifically reject the contention that this statute should be construed so as to put the burden of proof on the government of showing that such weapons were in fact operable and loaded during the course of the crime. The actual facts are, of course, peculiarly within the control of the perpetrators of the crime and peculiarly invulnerable to law enforcement investigation. In most instances (other than those where the bandits are captured on the scene), such interpretation would serve to render this section of the statute totally ineffective. We decline to attribute any such intent to Congress. Baker v. United States, *supra.*

 With respect to his second argument, appellant contends that trying him on both the robbery offense and on the aggravated offense in one proceeding caused him to be faced with a choice between remaining silent on the issue of guilt with respect to the robbery offense or surrendering his Fifth Amendment right to remain silent and pleading his case with respect to the aggravated offense. Title 18, United States Code, Section 2114 is not intended to state two separate offenses, but rather states only a single offense with a more severe penalty when the offense is committed by the use of a dangerous weapon. Brooks v. United States, 223 F.2d 393 (10th Cir. 1955).

 Appellant's argument based on his Fifth Amendment privilege is identical to that presented to the United States Supreme Court in Crampton v. Ohio, 402 U.S. 183, 213, 91 S.Ct. 1454, 28 L. Ed.2d 711 (1971) wherein the Court stated with respect to the Fifth Amendment privilege:

It does no violence to the privilege that a person's choice to testify in his own behalf may open the door to otherwise inadmissible evidence which is damaging to his case. . . . It has long been held that the defendant who takes the stand in his own behalf cannot then claim the privilege against cross examination on matters reasonably related to the subject matter of his direct examination. . . . Again, it is not thought inconsistent with the enlightened administration of criminal justice to require the defendant to weigh such pros and cons in deciding whether to testify. [Citations omitted.]

No Fifth Amendment privilege is jeopardized by trying a defendant on both the robbery offense and the aggravated offense in the same proceeding.

For the foregoing reasons the judgment of the district judge is hereby affirmed.