Ernest Richard SPEED and Dwight Arnold Camp, Appellants.

v.

UNITED STATES of America, Appellee.

No. 75-1067.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1975.

Decided June 25, 1975.

Rehearings Denied July 31 and Aug. 1, 1975.

Certiorari Denied Nov. 17, 1975.
See 96 S.Ct. 398.

Winford L. Dunn, Jr., Texarkana, Ark., for Speed.

Carolyn Whitefield, Texarkana, Ark., for Camp.

Robert E. Johnson, U. S. Atty., and Sam H. Park, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

Petitioners Speed and Camp sought habeas relief from sentences imposed upon their pleas of guilty to a charge of aggravated robbery of a post office in violation of 18 U.S.C. § 2114. The district court, the Honorable Paul X. Williams presiding, denied relief. We affirm.

The charge against petitioners stemmed from the armed robbery of a post office located in a general store in Lanesburg, Arkansas, on February 21, 1973. During the robbery money was taken from the store's register, the owner's person and the post office cash box under threat of harm to the owner and his wife. Petitioners each pled guilty in state court to charges of robbery and each received sentences of ten years, with three years of each sentence suspended. The district court subsequently accepted their pleas of guilty to the federal offense and sentenced them to the mandatory prison term of twenty-five years required by § 2114. Pursuant to 18 U.S.C. § 4208(a)(1), the court fixed five years as the time after which they would be eligible for parole and recommended that the Attorney General designate the state institution for service as to their federal sentence.

Petitioners contend their federal convictions should be set aside for four reasons: (1) Their federal convictions, occurring subsequent to state convictions arising from the same criminal acts were barred by the double jeopardy clause; (2) their guilty pleas were not voluntary since they were induced by the mistaken belief that any federal sentence would terminate at the expiration of their state sentences; (3) the facts of the robbery were not such as to invoke the mandatory twenty-five year term under 18 U.S.C. § 2114; and (4) they were denied a speedy trial. We find each of these contentions without merit.

It is well settled that double jeopardy does not bar a federal conviction for violation of federal law arising from the same criminal act or occurrence which has resulted in a state conviction. *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Delay*, 500 F.2d 1360, 1362 (8th Cir. 1974).

Petitioners' challenge to the voluntariness of their pleas is premised on their contention that they understood they would receive a federal sentence which would terminate upon expiration of their state sentences. The trial court found however that petitioners' "understanding" was a "mere hope" that their federal and state sentences would expire simultaneously. The transcript at the evidentiary hearing demonstrates that appellants' counsel only told petitioners this was the sentence they would recommend. Under the circumstances we find that the district court's holding is not clearly erroneous.

■ Petitioners' contention that the facts of this case do not fall within the mandatory twenty-five year prison term provision of § 2114 is incorrect. Defendants specifically admitted the use of a firearm during the robbery. This is sufficient to invoke the 25-year mandatory sentence. *Kirk v. United States,* 457 F.2d 400 (6th Cir. 1972).

■ Finally, it is well settled that a plea of guilty waives any claim to denial of a speedy trial. *United States v. Lee,* 500 F.2d 586 (8th Cir. 1974).