**UNITED STATES of America, Appellant,**

v.

**Philip DAVIS, Louis Hazzard.**

**No. 76–1935.**

United States Court of Appeals,
Third Circuit.

Argued Nov. 30, 1976.

Decided March 24, 1977.

Certiorari Denied Oct. 3, 1977.
See 98 S.Ct. 133.

Blair A. Griffith, U. S. Atty., Judith K. Giltenboth, Thomas A. Daley, Asst. U. S. Attys., Pittsburgh, Pa., for appellant.

Michael W. Zurat, Pittsburgh, Pa., for appellee Davis.

Emilio P. Fastuca, Tobias, Viola & Fastuca, Pittsburgh, Pa., for appellee Hazzard.

Before KALODNER, ROSENN and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.*

In this case the government appeals from the district court's quashing "as to sentencing purposes only" of one count of an indictment after a guilty verdict by the jury.

On April 14, 1976, the two defendants in this case, Philip Davis and Louis Hazzard, were convicted by a jury on four counts of a thirteen-count indictment charging them with assaulting and robbing a postal truck driver. Count one of the indictment charged that the defendants assaulted the

* This opinion was prepared by Judge Kalodner prior to his death and it is adopted by the remaining members of the panel.

driver with intent to rob and steal the mail matter and money in violation of 18 U.S.C. § 2114; count two charged the defendants with the robbery of the mail pouches in violation of 18 U.S.C. § 2114; count three charged that the defendants used a firearm to commit the assault and robbery in violation of 18 U.S.C. § 924(c)(1). The fourth count charged that the defendants in effecting the robbery, put in jeopardy the life of the driver by the use of a dangerous weapon, a loaded revolver, in violation of 18 U.S.C. § 2114.

The defendants appeared for sentencing on May 27, 1976. The trial judge first heard argument on the sufficiency of the evidence regarding count four of the indictment and denied the motion to dismiss the count for lack of evidence finding the jury verdict "legally sustainable" and "valid."

The question of sentence was then considered. Section 2114[1] provides that the penalty for violation of this section is "not more than ten years" imprisonment for the first offense. However, if convicted of the aggravated form of the offense, putting a postal official's "life in jeopardy by the use of a dangerous weapon," a defendant "shall be imprisoned twenty-five years." After considering these provisions, the trial judge imposed a general ten year prison term for defendant Hazzard on counts 1, 2, and 3, and a general nine year prison term for defendant Davis on the same counts.[2] The fourth count was "quashed for purposes of

sentence" as to both defendants. The government appealed the quashing of count four pursuant to 18 U.S.C. § 3731.

### A.

In 1970, Congress passed the new Criminal Appeals Act[3] which was intended to enlarge the government's right to appeal to the full constitutional limits. The defendants, however, strenuously argue that the government has no right of appeal in this case under section 3731 because the district court's quashing of the fourth count was the equivalent of an acquittal. Thus, they contend, allowing the appeal would violate the mandate of the double jeopardy clause of the fifth amendment.

■ The Supreme Court recently has decided the effect of the double jeopardy clause on a postverdict ruling of law by the trial court favorable to the defendant in the case of *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). In the *Wilson* case, as in the present one, the jury had returned a guilty verdict, but on a postverdict motion the district court dismissed the indictment. After noting that the purpose of the double jeopardy clause is to protect against multiple punishment or successive prosecutions for the same offense, the Court stated,

> Although review of any ruling of law discharging a defendant obviously enhances the likelihood of conviction and subjects him to continuing expense and

---

1. 18 U.S.C. § 2114 (1970) provides:

   Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the *person having custody of such mail, money*, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years.

2. Both defendants appealed their convictions on the first three counts. We have affirmed

their convictions on the same date as the filing of this opinion. *United States v. Davis and Hazzard,* Nos. 76–1747 (Davis, appellant), 76–1778 (Hazzard, appellant), 556 F.2d 569 (3d Cir. 1977).

3. 18 U.S.C. § 3731 was passed as Title III of the Omnibus Crime Control Act of 1970, Pub.L. 91–644, 84 Stat. 1890. It provides in pertinent part:

   § 3731. Appeal by United States
   In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution. . . . .

anxiety, a defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact.

420 U.S. at 345, 95 S.Ct. at 1023 (footnote omitted). The holding of the Supreme Court is unambiguous: "We therefore conclude that when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause." *Id.* at 352–53, 95 S.Ct. 1026. Clearly, the government has the right to appeal the quashing of count four and we turn to the merits of the appeal.

### B.

The transcript of the sentencing proceeding makes clear that the trial judge, in light of the twenty-five year sentence required to be imposed after conviction on count four, decided to reinterpret section 2114 on which this count of the indictment was based in order to quash the count "for purposes of sentencing only."[4] The tortured reading of the statute and this unique disposition are unprecedented, and we must reverse.

In order to sustain a guilty verdict on the fourth count, the aggravated form of the offense, the evidence must show that the postal truck driver has had his life placed in jeopardy by the use of a dangerous weapon. The test of whether a person's life has been placed in jeopardy is an objective one. Neither the fear of the victim nor the intent of the holder of the weapon to harm his victim is necessary to the determination. Rather, the victim's life must have been actually placed in danger by the use of a dangerous weapon. *United States v. Marchbanks,* 469 F.2d 72 (5th Cir. 1972); *United States v. Beverley,* 416 F.2d 263 (9th Cir. 1969); *Smith v. United States,* 284 F.2d 789 (5th Cir. 1960); *Wagner v. United States,* 264 F.2d 524 (9th Cir.), *cert. denied,* 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548 (1959); *United States v. Donovan,* 242 F.2d 61 (2d Cir. 1957). *See United States v. Roach,* 321 F.2d 1 (3d Cir. 1963) (similar provision in bank robbery statute).

In the present case, the evidence showed that two men entered the cab of the postal truck, produced a gun, and ordered the driver to drive to a rubbish dump where the actual robbery took place. The driver testified that he could see silver bullets in the chamber of the gun pointed at him during the half-hour ride. Both men handled the gun during the course of the robbery, and, when a motorcycle policeman was seen during the drive to the dump, one of the robbers told the driver, "Don't be cool, because my life is more valuable than yours." Trial Transcript at 62.

A loaded gun is clearly a dangerous weapon within the meaning of this statute. *United States v. Thomas,* 455 F.2d 320 (6th Cir. 1972). When evidence showed that a loaded gun was pointed at the victim accompanied by threats of death absent compliance with the illegal demands of the robbers, the jury properly could infer, as it did, that the driver's life was put in actual danger and jeopardy. *Speed v. United*

---

4.    THE COURT: Well, I think in view of this the Court will reconsider the denial of your motion to quash the fourth count and interpret the statute by the doctrine of noscitur a sociis, or by the context in which the words are used. And since it speaks first of wounding the person or putting his life in jeopardy, I think it might be a possible interpretation that the jeopardy must be something more serious than a wounding, something really very much of a danger to life. And, therefore, that since in the circumstances of this case there was no wounding, therefore, a fortiori, there would be no jeopardy of a character more dangerous than wounding.

MR. DALEY [Assistant U.S. Attorney]: Your Honor, may I make a statement?

THE COURT: Yes.

MR. DALEY: There are many cases, there is an amplitude of authority, that the mere use of a loaded revolver is all that is required to constitute the proof necessary for a conviction of the aggravated offense.

THE COURT: Well, I would think that is normally the case, but under the circumstances, why, I will hold that the evidence does not support the fourth count and that, therefore, the fourth count will be quashed for purposes of sentence.

148

*States,* 518 F.2d 75 (8th Cir.), *cert. denied,* 423 U.S. 988, 96 S.Ct. 398, 46 L.Ed.2d 306 (1975) (defendants specifically admitting use of firearm during robbery sufficient to invoke 25-year mandatory sentence); *Kirk v. United States,* 457 F.2d 400 (6th Cir.), *cert. denied,* 409 U.S. 987, 93 S.Ct. 342, 34 L.Ed.2d 253 (1972) (use of weapon in effecting robbery of mails, absent any other circumstance, allows a finding that weapon was capable of placing life in actual danger and jeopardy); *United States v. Thomas, supra* (three robbers with guns repeatedly threatening postmistress and her family ample to meet objective standard of putting life in jeopardy); *United States v. Beverley, supra* (evidence that loaded gun was pointed at mail custodians sufficient to show that lives were in fact in jeopardy); *Smith v. United States, supra* (loaded gun and long-bladed knife brandished with threatening statements to discourage resistance enough to show that life was in peril); *Schwartz v. United States,* 160 F.2d 718 (9th Cir. 1947) (evidence showing that masked appellant with a loaded pistol holding up mail truck driver ample to support conviction). Thus, the guilty verdict was supported by sufficient evidence and only the question of sentence remains.

■■■ There is no doubt that the twenty-five year sentence prescribed by section 2114 for this aggravated offense is mandatory. *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969).[5] Therefore, the trial judge has no discretion in imposing this sentence once a defendant has been properly found guilty[6] and a twenty-five year sentence rather than a ten-year one should have been given to the defendants in this case.

For the reasons stated the Order of the district court quashing count four of the indictment as to sentencing purposes only will be reversed and the case remanded with directions to proceed in accordance with this Opinion.

In all other respects the Order of the District Court will be affirmed. See the Judgment-Orders filed this date in our cases Nos. 76–1747 and 76–1778.

---

**5.** *See, e. g., United States v. Thomas, supra; United States v. Beverley, supra; United States v. Brown,* 413 F.2d 878 (9th Cir. 1969), *cert. denied,* 397 U.S. 947, 90 S.Ct. 965, 25 L.Ed.2d 127 (1970); *United States v. Hardaway,* 350 F.2d 1021 (6th Cir. 1965); *Smith v. United States, supra; Martin v. United States,* 241 F.2d 693 (10th Cir. 1957).

**6.** In appropriate circumstances the trial judge may, however, suspend sentence pursuant to 18 U.S.C. § 3651, and place the defendant on probation. *United States v. Hardaway, supra; United States v. Donovan, supra.*