# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3737
_____

United States of America

*Plaintiff - Appellee*

v.

Adrian Lacey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: May 12, 2022
Filed: May 20, 2022
[Unpublished]

_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Adrian Lacey, who was counseled below but is now proceeding pro se, appeals after he pleaded guilty to possessing a prohibited object in prison, and the district

court[1] sentenced him to 6 months in prison. On appeal, Lacey argues that his right to a speedy trial was violated, his guilty plea was involuntary, and his counsel was ineffective.

Upon careful review, we conclude that Lacey waived any speedy trial claim by pleading guilty. See United States v. Cox, 985 F.2d 427, 433 (8th Cir. 1993) (claim that indictment should have been dismissed for violation of the Speedy Trial Act was waived by guilty plea); Speed v. United States, 518 F.2d 75, 76 (8th Cir. 1975) ("it is well settled that a plea of guilty waives any claim to denial of a speedy trial"). Further, the hearing transcript shows that he knowingly and voluntarily entered his guilty plea, despite his later filings asserting that he was innocent. See United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (whether a plea was knowing and voluntary is reviewed de novo); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

Finally, we decline to address Lacey's ineffective-assistance claim in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

Accordingly, we affirm.

_____

[1]The Honorable D.P. Marshall Jr., Chief Judge, United States District Court for the Eastern District of Arkansas.